MARY E. GILBERT, APPELLANT, v. PER LEE E. SHAW
AND OTHERS, RESPONDENTS.

*Mortgage—condition subsequent—penalty — part performance—deferred payment —
when equity will relieve from a forfeiture.*

Mary E. Gilbert paid and transferred certain moneys and property to one Shaw.
who, upon his part, agreed to give her a room and board for life, and to pay
her annually three per cent interest upon the agreed value of the transferred
property  At the time of this arrangement there was a mortgage on Shaw's
farm, and to secure the performance of the foregoing agreement Shaw gave
Gilbert his bond and a second mortgage upon the farm, in which he further
agreed to make promptly the payments required by the prior bond and mort-
gage, and in default of his doing so it was provided that the whole consideration
and interest should become due and be payable to Gilbert.

Shaw made to Gilbert all the required payments, and performed all his covenants,
except that, by consent of the first mortgagee, Shaw, instead of paying to him
the principal and interest due him as they became due, expended those sums
during several years in permanent improvements on the farm, of which fact
Gilbert had knowledge.  An action of foreclosure was thereafter begun by
Gilbert against Shaw, who, prior to its commencement, had, apart from the
improvements, paid the first mortgagee all the principal and interest due him.

The ground of action claimed by Gilbert to exist was that because Shaw had
deferred the payments due the first mortgagee, Gilbert became, by the terms of
her bond and mortgage, entitled to foreclose it for its full consideration.

*Held,* that Shaw's covenant to pay the first mortgagee "without default or delay,
promptly," was a condition subsequent and in the nature of a penalty.

That part performance during several years by Shaw of his agreement with Gilbert
gave Shaw equitable rights.

That as the transaction was not a loan, the strict rules applicable to the payment
of money on the day it became due did not apply.

That as Gilbert had received all that she was entitled to, and had received it with
knowledge of the facts, or the means of knowledge; as nothing was due the first
mortgagee, and as the value of the security had been increased by the improve-
ments, it was proper for the court to relieve Shaw from the forfeiture and to
declare that a foreclosure would be inequitable.

APPEAL by the plaintiff Mary E. Gilbert from a judgment of the
Supreme Court, entered in the office of the clerk of the county of
Chenango on the 2d day of April, 1891, after a trial by the court
at the Chenango Special Term, at which the complaint was dis-
missed and the defendant was relieved from a forfeiture which
arose from his default in failing to pay certain sums upon a mort-
gage held by the defendant Fowlston.

The action was brought to foreclose a mortgage given by the defendants, Per Lee E. Shaw and Marium M., his wife, to the plaintiff, dated July 1, 1884. At that date, in consideration of the sum of $2,821 received by the defendant Per Lee E. Shaw from the plaintiff, which sum was made up of twenty-one shares of the capital stock of the Utica, Chenango and Susquehanna Valley Railroad Company, of the value of $2,300, in fact, at the time, and as agreed upon by and between the plaintiff and said Shaw, and $421 in cash, the said Per Lee E. Shaw executed and delivered to plaintiff a bond dated July 1, 1884, in the penal sum of $5,642, and having the following condition :

" The condition of this obligation is such that, if the said Per Lee E. Shaw, or his heirs, shall at his house, in the town of Norwich, aforesaid, furnish and provide the said Mary E. Gilbert with a room, board, fuel and lights during the term of her natural life, she to provide furniture for the said room, and the said Per Lee E. Shaw, or his heirs, shall pay to the said Mary E. Gilbert annually on the first day of July in each year interest on the sum of twenty-eight hundred and twenty-one dollars at three per cent per annum, during the term of her natural life, and shall make all the payments required to be made on a certain bond and mortgage, given by the said Per Lee E. Shaw to Delos Fowlston, on or about the 10th day of January, 1884, to secure $5,000.00 and interest, both of interest and principal, without default or delay, promptly, according to the terms of the said bond and mortgage, then this obligation to be void, otherwise to remain in full force and virtue·; and it is further provided that in case of default in any of the foregoing conditions, including the provisions in relation to payments on the Fowlston bond and mortgage, then, and in that case, there shall immediately become due to the said Mary E. Gilbert hereon the said sum of $2,821.00, together with interest thereon from the date of such default at six per cent per annum, and all interest accruing before such default.

" In case no default occurs in the lifetime of said Mary E. Gilbert, then the said principal sum is not to be paid.

" PER LEE E. SHAW. [ L. s.]"

As collateral security for the payment of the said indebtedness and the performance of all the conditions of the bond, Shaw and

wife, upon the same day, executed and delivered to the plaintiff the mortgage in suit, being upon certain premises in the town of Norwich. It was duly recorded July 5, 1885. No payments have been made on the bond and mortgage except the interest on the sum of $2,821, at three per cent per annum, paid to July 1, 1890.

The bond and mortgage to Fowlston, referred to in the condition above set out, were dated January 10, 1884. The mortgage covered the same property as the mortgage to the plaintiff, and was recorded January 10, 1884, and its condition, as well as that of the accompanying bond, was for the payment of the sum of "five thousand dollars ten years from date, the first day of April then next, with interest annually at five per cent per annum from and after the said first day of April; $300 of said principal sum to be paid on the first day of April, 1887, and $300 thereof on the first day of April in each and every year thereafter."

On the days when the interest and payments of principal became due on the bond and mortgage to Fowlston for four years, Shaw did not pay the same, but such non-payment was with the consent and acquiescence of Fowlston, who then held the bond and mortgage, and with the understanding and agreement that, instead of paying such principal and interest to Fowlston at the times when due, he, Shaw, would put improvements upon the farm described in the mortgage in building a hop-house and procuring hop-poles or otherwise; and that Shaw did build a hop-house upon the farm, and did put hop-poles upon the farm, which became a part of the real estate, and were of the value of $1,200.

Long before the commencement of this action, and before the giving of any notice by the plaintiff in any way that she intended to foreclose, or should foreclose her mortgage, Shaw paid to Fowlston all payments of principal that had become due, and all accrued interest that had become due, and at the time this action was brought, no principal or interest upon the Fowlston mortgage was due. The balance of the principal unpaid was $3,800. The payments were made in cash and were not the improvements referred to. The interest going to the plaintiff on her bond and mortgage has been promptly paid. On the 5th of September, 1890, she demanded of Shaw payment of the principal sum of $2,821, which was refused, and this action was commenced on the 15th of September, 1890.

The foregoing facts were admitted by the pleadings or conceded at the trial. The court also found that the plaintiff, with full knowledge of the facts, accepted the payments to her of interest; that the plaintiff's security was not impaired by the failure to make payments to Fowlson as they became due; that the intent and purpose of the provision in the bond and mortgage to plaintiff — that the sum of $2,821 should become due upon any default — was to prevent injury to plaintiff's security from the enforcement of the Fowlston mortgage, and to secure to plaintiff the prompt payment of her interest, and was intended as penalty or forfeiture.

As conclusions of law it was held:

"1 That this court has the power in the exercise of its equitable jurisdiction to relieve the defendant Per Lee E. Shaw, from the default claimed to have occurred by the non-payment of the principal and interest due to Fowlston on the days when due by the terms of the mortgage.

"2. That the plaintiff not having suffered any damage, and her security not having been impaired, but, in fact, increased, and prompt payment having been made at all times of the interest due to her, and she having accepted and received such interest; and all payments due to Fowlston, both of principal and interest, having been made long before the commencement of this action and before any notice that the plaintiff claimed a default, or claimed the right to foreclose her mortgage, equity demands that the defendant be relieved from such default.

"3. That the acceptance of the interest due to the plaintiff by her on the days when due, operated as a waiver of her right to claim the forfeiture of the $2,821.00.

"4. The defendants are entitled to a judgment relieving them from the aforesaid default, and declaring that the principal sum of $2,821.00, secured by the plaintiff's mortgage is not due or payable.

"5. The defendants are entitled to a judgment dismissing the complaint of the plaintiff.

"6. That under the circumstances of this case it is inequitable to permit an enforcement of the penalty or forfeiture by permitting a foreclosure of the plaintiff's mortgage for $2,821, and a judgment of foreclosure is, therefore, refused."

*Stephen Holden,* for the appellant.

*George W. Ray,* for the respondents.

MERWIN, J. :

It is not claimed that any default has been made, except in failing to make the payments on the Fowlston mortgage upon the days they became due.　We must, therefore, assume that, in other respects, the defendant Shaw has fully performed the contract upon his part.　The theory of the plaintiff is that the failure of Shaw to make any payment to Fowlston, at the exact time it became due, gave immediately to her the right to recover back the full amount of the consideration that she parted with upon receiving the bond and mortgage, and this right was not taken away or affected by any subsequent performance by Shaw.

The transaction between the plaintiff and defendant Shaw was, in substance, that plaintiff paid and transferred to Shaw certain money and property of an agreed value, and Shaw in consideration thereof agreed to furnish plaintiff with a room, board, fuel and lights during her natural life, and also pay her annually, during her natural life, interest at three per cent per annum upon the amount of the consideration at the agreed value.　To secure those things to the plaintiff the defendant gave to plaintiff a mortgage upon his farm, which was at the time incumbered by a prior mortgage.　In order to protect plaintiff's security against being interfered with by this mortgage, the defendant agreed to make promptly the payments on the prior mortgage as they became due.　Then came the provision that in case of default in the performance by defendant of any of these agreements, there should immediately become due to the plaintiff the full consideration, with interest from date of the default.　According to the wording of the bond it made no difference whether the default was great or small, or whether it was the first year of the contract or the last year of the plaintiff's life.　If he fully performed during the whole period, he then became absolute owner of the property or fund that he had received of plaintiff and was in possession of.　The right of ownership dated from the time he made the contract and undertook its performance, and any condition which operated afterwards to take away or

destroy this right, in effect, deprived the defendant of something of value which he otherwise would have possessed. Such condition was, therefore, in the nature of a forfeiture. Shaw, by his performance of the provisions of the contract for several years, had rendered to plaintiff the compensation in part, which she was to have for the money and property she gave to the plaintiff. In this view the case is, in principle, somewhat analogous to the sale of real estate by contract, which, by its terms, is to become void on failure by the vendee to perform in any respect. After part performance the vendee has ordinarily equitable rights, although the legal title is absolute in the vendor by reason of lack of strict performance. (2 Story's Eq., § 1315.) In such cases the title is deemed to be held as security.

We are referred by the learned counsel for plaintiff to many cases where, in a security for a loan payable on time, there has been a provision that if the interest was not paid promptly or at a certain fixed time the whole debt should become due; and it has been held that no relief would be given from the effect of a default in the payment of interest at the prescribed time and that it was not a case of forfeiture. Those cases do not apply here. The money and property advanced by plaintiff were not, at all events, to be returned. It was, therefore, not a loan. (*Payne* v. *Gardiner*, 29 N. Y., 167.)

Nor does the case of. *Trustees, etc.*, v. *McKechnie* (90 N. Y., 618), apply. In that case the question was whether the event upon the happening of which certain moneys advanced to the Ontario Female Seminary should be returned had, in fact, happened. No question was made as to the liability provided the event in question had happened. Nor does the case of *Thompson* v. *Hudson* (L. R., 4 House of Lords Appeal Cases, Eng. and Irish Appeals, 1), help us. There it was held that the reservation of a right to have full payment of money actually due on an existing contract, should there be a failure to pay a smaller sum on a certain day, cannot be treated as a penalty. In substance, the creditor offered to compromise on certain terms; the debtor did not comply with the terms and thereupon the creditor was remitted to his original rights. He got nothing beyond his debt.

In *Giles* v. *Austin* (62 N. Y., 486) relief was given from a forfeiture in a lease incurred by the failure of the tenant to pay taxes and assessments. The rule is there laid down that where the

covenant is simply for the payment of money, the forfeiture is regarded as a security merely for such payment, and equity will not allow it to be enforced after the party has obtained all that it was intended to secure to him. Mere delay is not a bar if no new rights have intervened or the position of the parties been changed. A similar doctrine was applied in *Noyes* v. *Anderson* (124 N. Y., 175). In that case there was an agreement by the owner of a mortgage with the owner of the equity of redemption that he would not enforce the mortgage during the life of the latter, provided, among other things, that no taxes or assessments on the premises remained unpaid and in arrears for more than thirty days. Default was made in the payment of a sewer assessment and thereupon foreclosure of the mortgage was commenced. It was held that the default would result in a forfeiture from which, or its consequences, a court of equity had power to relieve, it being said that a court of equity has power to relieve a party against forfeiture or penalty incurred by the breach of a condition subsequent, where no willful neglect on his part is shown, upon the principle that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression. A similar view was taken by Judge DANIELS in *Shaw* v. *Wellman* (59 Hun, 447).

In *Steele* v. *Branch* (40 Cal., 3) failure by the vendee in a land contract to strictly perform his covenant to pay a prior mortgage was held not to be fatal to the rights of the vendee, although by the terms of the contract such failure made it void, it appearing that the vendees acted in good faith and the vendors were not damaged thereby. In *Henry* v. *Tupper* (29 Vt., 358), it was held that a court of equity might, in its discretion, give relief from a forfeiture occasioned by the breach of an agreement for support. In 1 Pomeroy Equity Jurisprudence (§ 450), the general doctrine is laid down as follows: "In the absence of special circumstances giving the defaulting party a higher remedial right, a court of equity will set aside or otherwise relieve against a forfeiture, both where it is incurred on the breach of an agreement expressly and simply for the payment of money, and also on the breach of an agreement of which the obligation, although indirectly, is yet substantially a pecuniary one." (See, also, 2 Leading Cases in Equity by White & Tudor [4th ed.], 2044.)

In the present case it is conceded that long before the commencement of the action, and before the giving of any notice by the plaintiff that she intended to foreclose, the defendant Shaw paid to Fowlston all that was due. So that when this action was begun there was no actual default. All payments of interest due the plaintiff had been promptly made and the court, among other things, found that such interest was accepted by plaintiff with full knowledge of the facts, and that, therefore, she waived her right to claim a forfeiture. It may be, as claimed by plaintiff, that the evidence does not fully warrant the finding that she had full knowledge of the facts. Still, presumptively, she was living upon the premises, and must have known to some extent of the improvements going on. Apparently, if she had made inquiry, she would have found out that the payments were not being promptly made. If she did not inquire, it would indicate that she did not deem knowledge in that respect of vital importance, and so it would if she did inquire and found out the situation, and still received her payments without question. Her acquiescence in either aspect of the case, while it might not be a waiver, would have some bearing on the character or intent of the original transaction, and on the propriety of giving defendant relief. It is quite clear that the plaintiff's security was not impaired. It may also be said with a good deal of force, as an inference from the conceded facts, that the provision making the original amount collectible was intended only as security, so far at least as it related to the payment of the prior mortgage.

It seems to me that a proper case was presented for the exercise of the equitable power of the court and that the Special Term did not err in giving defendant relief from the forfeiture and in refusing to grant foreclosure of plaintiff's mortgage.

The judgment should, therefore, be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.