GEORGE W. QUACKENBOSS, Appellant, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent.

*Execution of a contract by a corporation — when proof of the signatures thereto of its president and secretary and of the affixing of the corporate seal is insufficient.*

While, as a general rule, evidence that a contract, purporting to have been made on behalf of a corporation, was signed by the president and secretary of the corporation and bears the corporate seal, is sufficient *prima facie* to authorize its admission in evidence, yet where it affirmatively appears, when the contract is first offered in evidence, that the seal was affixed, not by the authority of the board of directors of the corporation, but by the authority and at the request of its president, and that after execution the contract, or a duplicate thereof, was kept in a safe to which only the secretary and treasurer had access, the general rule does not apply and further proof must be given to the effect that the president was authorized by the board of directors to direct that the seal be affixed.

Appeal by the plaintiff, George W. Quackenboss, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of March, 1902, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Frederick Seymour*, for the appellant.

*W. P. Prentice*, for the respondent.

McLaughlin, J.:

This action was brought to recover damages for the breach of an alleged contract between the plaintiff and the Rutgers Fire Insurance Company, which was subsequently consolidated with the Globe Insurance Company, and the obligations of the former assumed by the defendant.

The alleged contract was for a term of three years, with privilege of three renewals of three years each, and provided that, in consideration of plaintiff's services, he was to receive twenty per cent of the net premiums received by the insurance company upon all risks accepted and policies issued in certain localities. The answer denied the execution of the contract and alleged, affirmatively, that if such contract were made it was an *ultra vires* act and not binding upon the insurance company.

At the trial the plaintiff produced and offered in evidence what purported to be a contract between himself and the Rutgers Fire Insurance Company. It was signed on the part of the company by one Kreiser and one Fellows, who were, at the time of its execution, the corporation's secretary and president respectively. The paper also bore the corporate seal of the corporation. The defendant objected to the reception of the paper upon several grounds, and, among others, that it did not appear that the act of the president and secretary was authorized by the board of directors of the insurance company. The objection was sustained and an exception taken, and this exception and others of the same nature present the principal questions to be determined upon this appeal.

The appellant contends that when he had proved that the contract was signed by the president and secretary of the insurance company, and that it bore its corporate seal, this was sufficient

*prima facie* to authorize its admission in evidence. This is undoubtedly the general rule. (Cook Corp. § 722; *Trustees Canandarqua Academy* v. *McKechnie*, 90 N. Y. 618; *New England Iron Co.* v. *Gilbert El. R. R. Co.*, 91 id. 153; *Jourdan* v. *L. I. R R. Co.*, 115 id. 381.) This rule is tersely stated in *Trustees Canandarqua Academy* v. *McKechnie* (*supra*): "'Where,'" says the court, "'the common seal of a corporation appears to be affixed to an instrument and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority and the seal itself .is *prima facie* evidence that it was affixed by proper authority.'" But when the contract was first offered, it affirmatively appeared that the seal was affixed, not by authority of the board of directors, but by the authority and at the request of the president of the company, and that after its execution it, or a duplicate, was kept in a safe to which only the secretary and president had access. The general rule referred to, therefore, did not apply. Further proof was required to the effect that the president was authorized by the board of directors to direct that the seal be affixed.

But it seems hardly necessary to pursue this subject further, because if error were committed in thus excluding the contract, the plaintiff was not injured by it. It subsequently appeared from the by-laws, put in evidence by the plaintiff himself, that the secretary and president had no power to make a contract of the character of the one referred to in the complaint; that this power was lodged in the board of directors or a committee consisting of five of its members. That portion of the by-laws which is material to the question provides that the committee of five shall " have referred to them all applications in relation to the establishment of agencies and the employment of agents, and with the concurrence of the board, authorize and establish the same." The plaintiff was a member of the board of directors at the time the alleged contract was made, and consequently had knowledge of this by-law. Therefore, had the court received the contract in evidence when these facts appeared, it would have been required to strike out the same or else instruct the jury, in the absence of some evidence that the corporation had ratified or adopted the contract, that it was not binding upon it. No evidence whatever was offered to the effect that the corporation

had authorized the making of the contract, nor was there evidence sufficient to justify a finding that it had ever ratified the act of the president and secretary in making it; in fact, there is nothing to show that its existence was ever communicated to, or that any member of the board of directors, other than the president and secretary and this plaintiff, had knowledge of the same. This being the situation at the close of plaintiff's case, even had the alleged contract been received in evidence, the court could not have done otherwise than have granted defendant's motion to dismiss the complaint.

The judgment appealed from, therefore, must be affirmed, with costs.

Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ., concurred.

Judgment affirmed, with costs.