QUACKENBOSS v. GLOBE & RUTGERS FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.  December 5, 1902.)

1. CORPORATE CONTRACT—ADMISSIBILITY IN EVIDENCE—PRELIMINARY PROOF.

Proof that an alleged contract of a corporation is signed by its president and secretary, and bears the corporate seal, is not sufficient prima facie to authorize its admission in evidence, where it affirmatively appears that the seal was affixed, not by authority of the directors, but by the authority of the president, and that after its execution it or a duplicate was kept in a safe, to which only the president and secretary had access; and in such a case proof to the effect that the president was authorized by the directors to affix the seal is necessary.

2. SAME—EXCLUSION—HARMLESS ERROR.

Exclusion of the contract was harmless to the party offering it, even if improper, where it subsequently appeared from the by-laws put in evidence by the party himself that the president and secretary had no power to make it, but that such power was lodged in the board of directors, or in a committee consisting of five of its members.

Appeal from trial term, New York county.

Action by George W. Quackenboss against the Globe & Rutgers Fire Insurance Company.  Judgment dismissing the complaint at the close of plaintiff's case, and plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederick Seymour, for appellant.

W. P. Prentice, for respondent.

McLAUGHLIN, J.  This action was brought to recover damages for the breach of an alleged contract between the plaintiff and the Rutgers Fire Insurance Company, which was subsequently consolidated with the Globe Insurance Company and the obligations of the former assumed by the defendant.  The alleged contract was for a term of three years, with privilege of three renewals of three years each, and provided that in consideration of plaintiff's services he was to receive 20 per cent. of the net premiums received by the insurance company upon all risks accepted and policies issued in certain localities.  The answer denied the execution of the contract, and alleged affirmatively that, if such contract were made, it was an ultra vires act, and not binding upon the insurance company.  At the trial the plaintiff produced and offered in evidence what purported to be a contract between himself and the Rutgers Fire Insurance Company.  It was signed on the part of the company by one Kreiser and one Fellows, who were, at the time of its execution, the corporation's secretary and president, respectively.  The paper also bore the corporate seal of the corporation.  The defendant objected to the reception of the paper upon several grounds, and, among others, that it did not appear that the act of the president and secretary was authorized by the board of directors of the insurance company.  The objection was sustained, and an exception taken, and this exception, and others of the same nature, present the principal questions to be determined upon this appeal.

The appellant contends that when he had proved that the contract was signed by the president and secretary of the insurance company, and that it bore its corporate seal, this was sufficient, prima facie, to authorize its admission in evidence. This is undoubtedly the general rule. Cook, Corp. par. 722; Trustees v. McKechnie, 90 N. Y. 618; New England Iron Co. v. Gilbert El. R. Co., 91 N. Y. 153; Jourdan v. Railroad Co., 115 N. Y. 381, 22 N. E. 153. This rule is tersely stated in Trustees v. McKechnie, supra. "Where," says the court, "the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority; and the seal itself is prima facie evidence that it was affixed by proper authority." But when the contract was first offered, it affirmatively appeared that the seal was affixed not by authority of the board of directors, but by the authority and at the request of the president of the company, and that after its execution it, or a duplicate, was kept in a safe to which only the secretary and president had access. The general rule referred to, therefore, did not apply. Further proof was required to the effect that the president was authorized by the board of directors to direct that the seal be affixed.

But it seems hardly necessary to pursue this subject further, because, if error were committed in thus excluding the contract, the plaintiff was not injured by it. It subsequently appeared from the by-laws, put in evidence by the plaintiff himself, that the secretary and president had no power to make a contract of the character of the one referred to in the complaint; that this power was lodged in the board of directors, or a committee consisting of five of its members. That portion of the by-laws which is material to the question provides that the committee of five shall "have referred to them all applications in relation to the establishment of agencies and the employment of agents, and, with the concurrence of the board, authorize and establish the same." The plaintiff was a member of the board of directors at the time the alleged contract was made, and consequently had knowledge of this by-law. Therefore, had the court received the contract in evidence when these facts appeared, it would have been required to strike out the same, or else instruct the jury—in the absence of some evidence that the corporation had ratified or adopted the contract—that it was not binding upon it. No evidence whatever was offered to the effect that the corporation had authorized the making of the contract, nor was there evidence sufficient to justify a finding that it had ever ratified the act of the president and secretary in making it. In fact, there is nothing to show that its existence was ever communicated to, or that any member of the board of directors, other than the president and secretary and this plaintiff, had knowledge of the same. This being the situation at the close of plaintiff's case, even had the alleged contract been received in evidence, the court could not have done otherwise than have granted defendant's motion to dismiss the complaint.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.