of the complaint, being complete in themselves, raised the general issue as to the allegations denied; and the fact that certain allegations of new matter were inconsistent with the denials does not justify the court in striking out the denial as sham any more than the denial would justify the court in striking out the new matter. alleged as a separate defense as sham. But these allegations of new matter do not specifically allege that the notes which are alleged to have been paid and to have been void for usury were made and delivered by the defendant; and, if the allegations are to be taken as admissions of the defendant, they must be taken as a whole, and the plaintiff cannot use them to obtain an advantage, without at the same time admitting that the notes were usurious and void, and that they have been paid.

We think the defendant was entitled to require the plaintiff to prove these allegations, which the answer denied by evidence upon the trial, and that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

QUACKENBOSS v. GLOBE & RUTGERS FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

CORPORATIONS—CONTRACTS—EXECUTION—EVIDENCE.

   Where in an action against a corporation on a contract signed by the president and secretary, and bearing the corporate seal, defendant denied the execution of the contract, it was entitled to introduce its by-laws in evidence to show that the officers named had no authority to execute the contract, and to prove by parol that such was the effect of the by-laws, that plaintiff knew it as a director, and that the contract had never been acted on or ratified.

Appeal from Trial Term, New York County.

Action by George W. Quackenboss against the Globe & Rutgers Fire Insurance Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

W. P. Prentice, for appellant.
Frederick Seymour, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for the breach of an alleged contract between the plaintiff and the Rutgers Fire Insurance Company, which was subsequently consolidated with the Globe Insurance Company and the obligations of the former assumed by the defendant. The complaint alleged that on the 26th of February, 1897, the plaintiff entered into a contract with the Rutgers Fire Insurance Company, copy of which was annexed to and made a part thereof; that said contract was for a term of three years, with privilege of three renewals of three years each, and provided that in consideration of plaintiff's services he was to receive 20 per cent. on the net premiums re-

ceived by the insurance company on all risks accepted and policies⸱ issued in certain localities; that the plaintiff duly performed the contract on his part until such consolidation, when defendant prevented further performance by its refusal to perform; that by reason thereof damages had been sustained to the amount of $50,000, for which judgment was demanded. The answer denied that the contract sued on was executed by the Rutgers Fire Insurance Company, and alleged affirmatively that such contract was without consideration, and ultra vires.

This is the second appeal. On the first trial the plaintiff produced and offered in evidence what purported to be a contract between himself and the Rutgers Fire Insurance Company. It was signed on the part of the company by one Fellowes and one Kreiser, who were, at the time of its execution, the corporation's president and secretary. The paper also bore the corporate seal of the corporation. The defendant objected to the reception of the paper on several grounds, and, among others, that it did not appear that the act of the president and secretary was authorized by the board of directors of the insurance company. The objection was sustained, and an exception taken. On appeal to this court it was held that the plaintiff was not injured by the ruling excluding the contract, because he subsequently put in evidence the by-laws of the corporation, which showed that the president and secretary had no power to make the contract in question; that this power was lodged in the board of directors, or a committee consisting of five of its members, under that portion of the by-laws which provided that a committee of five shall "have referred to them all applications in relation to the establishment of agencies and the employment of agents, and, with the concurrence of the board, authorize and establish the same." 77 App. Div. 168, 78 N. Y. Supp. 1019. But on appeal to the Court of Appeals the judgment was reversed, and a new trial ordered, that court holding that the contract should have been received in evidence; that, bearing the seal of the corporation, and being signed by the president and secretary, there was a presumption that such officers did not exceed their powers, and that the seal was prima facie proof that it was attached by proper authority; that, if it were not, the burden of proving that fact rested upon the party objecting to the execution; that at the time it was offered in evidence the proof was not sufficient to overcome the presumption arising from the execution, and that the proof thereafter given as to the regularity of it bore not upon its admissibility, but upon its ·effect when received; that the court could not improperly exclude plaintiff's most material and important evidence and then, because he had not made sufficient proof to sustain his complaint, hold that the erroneous ruling should be disregarded; and that when the court refused to admit the contract plaintiff was not required to introduce other proof to establish his cause of action. Quackenboss v. Globe and Rutgers Fire Ins. Co., 177 N. Y. 71, 69 N. E. 223.

At the second trial the plaintiff introduced the contract in evidence, offered testimony tending to show performance on his part, and neglect and failure to perform on the part of the defendant;

that certain damages had been sustained; and then rested. The defendant then offered in evidence the charter and by-laws of the Rutgers Fire Insurance Company, to which plaintiff's counsel objected. The objection was sustained, and an exception taken. The defendant then sought to show by a series of questions and in various ways that the contract had never been duly executed; that it had never been before the executive committee of the insurance company; that it had never been acted upon or recognized by the corporation; that the plaintiff at the time of its execution was a member of the board of directors, and also a member of the executive committee of such board; that he was familiar with the by-laws under which the president and secretary had no power to make a contract similar to the one under which he claimed; that the corporation, acting through its board of directors, had never ratified the act of the president or secretary in signing the contract, nor authorized any one to affix the seal of the corporation. To all of these questions objections were made, sustained, and exceptions taken.

I am of the opinion that the court erred in excluding the charter and by-laws, and that it also erred in excluding the proof sought to be introduced by the questions above alluded to. The answer denied the execution of the contract, and this entitled the defendant to disprove every fact which it was necessary for the plaintiff to establish to justify a recovery on his part. Weaver v. Barden, 49 N. Y. 286. To justify a recovery, he was bound to prove that the corporation had executed the contract sued on. He gave prima facie proof of this when he introduced the contract in evidence, bearing the seal of the corporation, and signed by its president and secretary. But it was not conclusive proof, nor did it prevent the defendant disproving the fact that the seal was affixed without authority, and that the signatures were unauthorized. There is nothing in the opinion of the Court of Appeals which justifies the rulings of the trial court. It seems to have proceeded upon the theory that the defendant could not disprove the plaintiff's prima facie proof that the contract had been duly executed because defendant had not affirmatively alleged such fact in its answer. It was not required to do so. It had interposed an answer, which, so far as the execution of the contract was concerned, was a general denial, and under which the proof offered was admissible. The court erred in excluding it, and that the defendant was injured by such errors is sufficiently evidenced by the verdict in favor of the plaintiff awarding him a substantial sum.

The judgment and order appealed from therefore are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur