No. 13,059.

SCOBEY ET AL. *v.* WALKER.

INJUNCTION.—*Threatened Sale of Land.*—*Execution Against Third Person.*—A land-owner may enjoin a threatened sale of his property upon an execution issued against the property of a third person.

DEED.—*Delivery.*—*Presumption.*—Where a deed is found in the possession of the grantee, the presumption is, in the absence of a showing to the contrary, that it was delivered to the grantee on the day of its date.

From the Decatur Circuit Court.

*J. S. Scobey,* for appellants.

*J. K. Ewing* and *C. Ewing,* for appellee.

MITCHELL, C. J.—This proceeding was instituted by John D. Walker against John S. Scobey and Merit C. Welsh, the latter being the sheriff of Decatur county, for the purpose of enjoining the sale of certain real estate alleged to belong to the plaintiff.

It is averred that the sheriff had advertised and was about to sell the real estate described in the complaint, for the purpose of satisfying an execution in favor of John S. Scobey against the property of James H. Walker, the plaintiff's

father.   It is further averred that the execution defendant, James H. Walker, never had any title or interest, either legal or equitable, in or to the property so about to be sold, but that it belonged solely and exclusively to the plaintiff, John D. Walker, and that the threatened sale thereof would cast a cloud upon the title of the latter.

Such proceedings were had as that upon the final hearing there was a finding for the plaintiff, and a decree perpetually enjoining the defendants from selling the real estate described upon any execution against the property of James H. Walker.

It is now argued, or rather suggested, that the complaint does not state facts sufficient to invoke the jurisdiction of a court of chancery, because it appears therein that the execution defendant, James H. Walker, never had any title to the real estate in question.   Hence, it is said, upon the facts as they appear in the complaint, the purchaser at the execution sale would take nothing, and, therefore, the sale would not cast a cloud upon the plaintiff's title.

Whatever diversity of opinion there may be in other jurisdictions concerning the right of a land-owner to invoke the jurisdiction of a court of chancery, for the purpose of arresting a threatened sale of his land upon an execution issued against the property of a third person, the right to do so must be considered as settled beyond controversy in this State.   *Bishop* v. *Moorman,* 98 Ind. 1 (49 Am. R. 731); *Petry* v. *Ambrosher,* 100 Ind. 510; *Thomas* v. *Simmons,* 103 Ind. 538; *Walter* v. *Hartwig,* 106 Ind. 123.

A defendant who concedes that an execution sale, which he is threatening to make, would result in no benefit to him, and that it might embarrass and complicate the title of the plaintiff, will not be heard to object to the jurisdiction of a court of chancery to enjoin the sale, which could be fruitful of no possible benefit, and which might be positively hurtful.   *Otis* v. *Gregory,* 111 Ind. 504.

The only remaining question is whether or not the finding and judgment are supported by the evidence.

The facts are undisputed, and are, in brief, as follows: John S. Scobey recovered a judgment against James H. Walker in the Decatur Circuit Court in November, 1875. On the 26th day of March, 1884, the real estate in controversy was conveyed by one Armstrong to Eliza J. Walker, wife of James H. Walker, the judgment defendant. Subsequently, on the 4th day of June, 1885, Eliza J. Walker died intestate, leaving her husband, James H. Walker, and her son, John D. Walker, her surviving heirs. Whether she left other heirs does not appear.

The appellant predicates his right to sell the land in dispute upon the theory that Mrs. Walker died seized of the real estate described in the complaint, and that upon her death an undivided one-third thereof descended to her husband, and became subject to sale to satisfy the appellant's judgment.

At the trial below the plaintiff, John D. Walker, produced and read in evidence without objection a duly acknowledged deed, signed by his mother, Eliza J., and his father, James H. Walker, by which deed the land in dispute purported to have been conveyed to him on the 21st day of July, 1884, about ten months prior to the death of his mother. This deed was not recorded until some two months after his mother's death. There was no evidence one way or the other upon the subject of the delivery of the deed. Whether or not it was delivered to John D. Walker by his mother in her lifetime, is left wholly to inference, and depends upon the presumptions which obtain upon the facts as they appear.

There being no affirmative proof that the deed was delivered to the grantee in the lifetime of the grantor, the appellant's contention is, that the evidence failed to show that Eliza J. Walker had conveyed the land in dispute before her death; therefore, it is said, she died seized of the land in

·question, and one-third of it descended to her husband, and became subject to sale to satisfy the appellant's judgment.

It is, of course, elementary that a deed, although it be duly signed, sealed and acknowledged, is not effectual to convey title to land until it has been either actually or constructively delivered. The delivery, or something which is legally the equivalent of a delivery, is as indispensable as the signature of the grantor, or any other formality which is required to impart validity to the deed as a solemn instrument of title. Until it has been delivered, or until that is done which is tantamount in law to a delivery, a deed does not operate to pass the title. *Vaughan* v. *Godman,* 94 Ind. 191, and cases cited; *Fitzgerald* v. *Goff,* 99 Ind. 28; *Quick* v. *Milligan,* 108 Ind. 419; *Stone* v. *French,* 37 Kan. 145; *Fain* v. *Smith,* 12 Pac. Rep. 365.

Conceding that it was essential to the validity of the deed that it should have been delivered in the lifetime of the grantor, the question still remains : Does the evidence in the record, with the presumptions which legally attach to it, show such a delivery?

The rule is well established, that where a document, purporting to be a duly acknowledged deed, with regular evidence of its execution upon its face, is found in the hands of the grantee, or if such a deed is found upon the proper records, a presumption arises that it was delivered at the time it bears date, or at some time prior to the date of its recording. *Vaughan* v. *Godman, supra; Wheeler* v. *Single,* 62 Wis. 380; *Wallace* v. *Berdell,* 97 N. Y. 13; *People* v. *Snyder,* 41 N. Y. 397; *Trustees* v. *McKechnie,* 90 N. Y. 618; *Knolls* v. *Barnhart,* 71 N. Y. 474; *McCurdy's Appeal,* 65 Pa. St. 290; Abbott Trial Ev. 694, 695; Chase's Stephen Dig. Ev. 154, 155, and note; Wood Prac. Ev. 241.

This presumption may, as a matter of course, be rebutted by proof.

The deed under consideration having been, so far as the

record indicates, found in the possession of the grantee, he having produced it in evidence, and there having been no evidence to show when it was delivered in fact, the conclusion follows that the law presumes it to have been delivered to the grantee on the 21st day of July, 1884, the day of its date, which was some ten months prior to the death of Eliza J. Walker.

The wife of James H. Walker having alienated the land prior to her death, the husband took no interest which was subject to sale.    There was, therefore, no error.

The judgment is affirmed, with costs.

Filed Feb. 16, 1888; petition for a rehearing overruled March 31, 1888.