Filed Jan. 10, 1891.

* * *

No. 14,048.

FAULKNER ET AL. *v.* ADAMS ET AL.

DEED.—*Delivery of.*—*Presumption as to.*—Where a deed is found in the possession of the grantee, the presumption, in the absence of anything appearing to the contrary, is that it was delivered on the day of its date.

From the Monroe Circuit Court.

*R. W. Miers,* for appellants.

*E. F. Ritter, L. Ritter, J. H. Louden* and *W. P. Rogers,* for appellees.

PER CURIAM.—This opinion, in which we all concur, was prepared by the late Judge MITCHELL, and expresses the views and judgment of the court.

This was a proceeding by Adams to enjoin Faulkner and others from selling certain real estate situate in Monroe county, and owned by the plaintiff, to satisfy a judgment of the superior court of Marion county, in favor of Faulkner and others, against Henry D. Stringer. The evidence in the record tends to show that the land which the sheriff of

Monroe county was about to sell, had been conveyed by Michael H. Spades and wife to Henry D. Stringer by deed, dated February 7th, 1885. Stringer and wife conveyed to Oliver H. Coe by deed, bearing date February the 17th, 1885, and Coe and wife conveyed to the plaintiff Adams by deed, bearing date June the 15th, 1885. Faulkner instituted suit against Stringer in the superior court of Marion county, and sued out a writ of attachment against the property of the latter. This writ was placed in the hands of the sheriff of Monroe county on the 2d day of March, 1885, and was levied upon the land in controversy on the 4th day of March, 1885. Faulkner afterwards recovered judgment against Stringer, and the real estate levied upon by virtue of the writ of attachment was ordered to be sold to pay the judgment. This suit was brought to enjoin the execution of the judgment or order of the court so far as it directed the sale of the land owned by Adams.

The sale of the land was enjoined, on the ground that Stringer had no title to the land at the time the writ was levied upon it.

The contention of the appellants is, that although the deed from Stringer to Coe appears upon its face to have been signed and acknowledged on the 17th day of February, 1885, which was prior to the issuing of the writ, its execution was not consummated by delivery until after the writ of attachment had become a lien upon the land. In the appellants' brief it is argued that these facts appear in the deposition of Henry D. Stringer, to the whole of which the attention of the court is particularly invited. After a most careful examination of the record we are unable to discover any evidence, either by deposition or otherwise, given by the witness named, nor do we find a syllable of testimony from any other witness which relates to the date of the delivery of the deed from Stringer to Coe. The deed upon its face appears to have been signed and acknowledged on the 17th day of February, 1885. It also appears to have been filed

and recorded in the recorder's office of Monroe county on the 27th day of February. Beyond this there is nothing in the record to show when it was delivered. Where a deed is found in the possession of the grantee, the presumption, in the absence of anything appearing to the contrary, is that it was delivered on the day of its date. *Scobey* v. *Walker*, 114 Ind. 254. There is some testimony tending to show that the deed from Spades to Stringer, although dated the 7th day of February, 1885, was not delivered until after the writ of attachment had been sued out and placed in the hands of the sheriff of Monroe county. Indeed, upon the testimony, it appears almost certain that the title remained in Spades until some time after the writ was in the hands of the sheriff. It would appear as if Stringer actually executed the deed to Coe before the deed from Spades to him had been delivered. What effect the writ of attachment had upon the title in the way of imposing a lien upon it in case the facts were as above assumed, is not discussed, and accordingly we give that feature of the case no consideration.

The judgment is affirmed, with costs.

