**George E. PETZ, Appellant**
**(Plaintiff Below),**

v.

**ESTATE OF David E. PETZ, Carl L. Hepler, Sr., Rebecca L. Hepler, Harry J. Koontz, Joyce A. Koontz and Peoples State Bank, Appellees (Defendants Below).**

No. 3–783A211.

Court of Appeals of Indiana,
Third District.

Aug. 28, 1984.

Robert J. Palmer, John H. Peddycord, May, Oberfell, Helling, Lorber & Campiti, South Bend, for appellant.

Michael E. Armey, Rasor, Harris, Lemon & Reed, Warsaw, for appellee Estate of David E. Petz.

Stephen R. Snyder, Thomas J. Goeglein, Dunten, Beckman, Lawson & Snyder, Syracuse, for appellees Carl L. Hepler, Sr. and Rebecca L. Hepler.

Vern K. Landis, Rockhill, Kennedy, Pinnick, Bent & Pequignot, Warsaw, for appellee Peoples State Bank.

STATON, Presiding Judge.

George Petz sued: the estate of his son, David; Carl and Rebecca Hepler; Harry and Joyce Koontz; and, Peoples State Bank. His suit sought to accelerate a debt owed by David and to foreclose on the mortgage which secured that debt. George also sought to have his interest in the mortgaged property declared superior to that of Hepler, Koontz, and Bank. The trial court entered summary judgment in favor of all defendants. George raises one issue on appeal:

Whether George's failure to record his lien against the mortgaged property deprives him of a security interest therein.

Reversed and remanded.

The facts of this case are not in dispute. On July 7, 1977, David purchased the Syracuse Dairy Queen from Hepler. The purchase agreement was in the form of a conditional contract for the sale of real estate and business which provided for the immediate transfer to David of possession of the real estate and all of the personal property and intangibles associated with the Dairy Queen. The purchase price was to be paid in installments, and legal title was to be transferred upon full payment of the purchase price.

On May 26, 1978, David executed a promissory note to his father, George, in the amount of $50,000. David also signed a "Collateral Agreement" which provided in part:

### COLLATERAL AGREEMENT

"As collateral security for the payment of the above note, and for the payment of any other liabilities and demands of any kind of George E. Petz now existing or which may hereafter arise, whether created directly or acquired by assignment, whether absolute or contingent, the undersigned does hereby assign, pledge and deliver to George E. Petz, of North Liberty, Indiana, the following property:

Any and all right, title and interest of the undersigned in and under a certain Contract for Sale of Real Estate and Business, dated July 7, 1977 and executed by and between Carl Hepler and Rebecca Hepler, husband and wife, as Sellers, and the undersigned,

"David E. Petz, as Purchaser, covering the above-described real estate and the business of the Syracuse Dairy Queen situated in said above-described real estate."

This "Collateral Agreement" was never recorded.

In early 1979, David sold his interest in the Dairy Queen to Koontz. This sale was also in the form of a conditional land contract. In May, 1981, Bank loaned $64,842 to Hepler, and Hepler granted to Bank a mortgage on the Dairy Queen. Bank's mortgage was recorded on May 13, 1981. Neither Koontz nor Bank had any knowledge of George's loan to David or of the "Collateral Agreement" which David signed.

On June 28, 1981, David died. Koontz continues to make his contract payments to David's estate. However, George has received no payment on David's note since June, 1981.

George filed this lawsuit seeking to collect on David's promissory note and foreclose on the mortgage. The trial court granted summary judgment in favor of all the defendants against George because George failed to record his "Collateral Agreement." The sole issue presented in this appeal is how George's failure to perfect his security interest in the Dairy Queen affects his rights in the Dairy

Queen relative to the other parties in this suit.

██ It must first be observed that the security interest acquired by George in the Dairy Queen includes both real and personal property. Further, pursuant to his foreclosure complaint, George elected to pursue his remedy as to all of the property under the law relating to real property.

> "Where a secured party has a security interest in both real and personal property he has the option upon the debtor's default of proceeding against the personalty pursuant to article 9 or against both real and personal property under the law relating to real property. If he follows the latter procedure, the Uniform Commercial Code is inappropriate even with regard to the personal property...."

*U.S. Aircraft Financing, Inc. v. Jankovich* (1980), Ind.App., 407 N.E.2d 287, 293; IC 26–1–9–501(4). Thus, the analysis of George's interest in both the realty and personalty of the Dairy Queen is controlled by the law of real property.

██ David purchased the Dairy Queen from Hepler under a conditional land contract. Equitable title vested in David when the contract was executed. *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641. David then executed the "Collateral Agreement" which purported to assign all of his interest in the Dairy Queen to George. This assignment amounts to nothing more than a mortgage, and it can be enforced only through foreclosure proceedings. *Davis v. Landis* (1944), 144 Ind.App. 665, 53 N.E.2d 544.

██ The interest of a vendee in an executory land contract can be mortgaged and if such a mortgage is foreclosed the mortgagee acquires the rights which the vendee had under the land contract, 55 Am.Jur.2d, Mortgages, § 111. There is no genuine issue of fact concerning either the existence of the mortgage or the default on the note;[1] thus, George is entitled to acceler-

ate the note and foreclose his mortgage against David's rights as the purchaser of the Dairy Queen from Hepler.

With regard to the rights of Koontz, who purchased the Dairy Queen on contract from David, and Bank, to which Hepler granted a mortgage on the Dairy Queen, George's mortgage is subordinated to their interests. While both Koontz and Bank acquired their interests in the Dairy Queen subsequent to George's mortgage, their interests are superior to that of George because George failed to record his mortgage.

IC 32–1–2–16 provides:

> "**32–1–2–16 Recording conveyance, mortgage or lease; priority**
>
> Sec. 16. Every conveyance or mortgage of lands or of any interest therein, and every lease for more than three (3) years shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, mortgage or lease shall take priority according to the time of the filing thereof, and such conveyance, mortgage or lease shall be fraudulent and void as against any subsequent purchaser, lessee or mortgagee in good faith and for a valuable consideration, having his deed, mortgage or lease first recorded."

[West's AIC.] There is no dispute that Koontz and Bank acquired their interest in the Dairy Queen in good faith and for value. Thus, as against them, George's mortgage is void, and Koontz' interest as purchaser of the Dairy Queen and Bank's interest as Hepler's mortgagee are unaffected by George's mortgage.

George is entitled to foreclose upon the mortgage granted to him by David, but such foreclosure can not affect the rights of Koontz or Bank. Thus, through foreclosure of George's mortgage, the only interest in the Dairy Queen which can be acquired is David's interest as purchaser of

---

**1.** The trial court improperly struck George's affidavit insofar as it related to the estate's failure to make payments on the note after David's death. Our dead man's statutes apply only to exclude testimony as to matters occurring during the lifetime of the decedent. IC 34–1–14–6; IC 34–1–14–7.

the Dairy Queen from Hepler (the obligation to make payments to Hepler) and as seller of the Dairy Queen to Koontz (the right to receive contract payments from Koontz).

The trial court's entry of summary judgment against George is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN, J. and NEAL, P.J. (by designation), concur.