## The ASSOCIATES CORPORATION OF NORTH AMERICA and Darryl Webb, Appellants–Defendants,

v.

## Shelly SMITHLEY, Appellee–Plaintiff.

### No. 35A05–9303–CV–106.

Court of Appeals of Indiana, Fifth District.

Sept. 20, 1993.

Mark A. Garvin, D. Randall Brown, Barnes & Thornburg, Fort Wayne, for appellants-defendants.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellee-plaintiff.

BARTEAU, Judge.

The Associates Corporation of North American (ACONA) and Darryl Webb (collectively referred to as ACONA) appeal the denial of their motions for partial summary judgment on Shelly Smithley's claims of assault and battery and defamation. Restated, the issues which have been certified for this appeal are:

I. Whether the court should have granted summary judgment on Smithley's allegations of defamation where the undisputed evidence is that the alleged defamatory statement was true;

II. Whether the court should have granted summary judgment in favor of Webb on Smithley's claim of defamation where it is undisputed that Webb did not make the alleged defamatory statements;

III. Whether Smithley is precluded by Ind.Code 22–3–2–6 from pursuing her claim of assault and battery against ACONA; and

IV. Whether some of Smithley's allegations of assault and battery against Webb are barred by the statute of limitations.

### FACTS

ACONA is a non-bank financing center. Shelly Smithley, a former ACONA employee, initiated this action after she was discharged by ACONA for dishonesty. The facts that gave rise to this appeal are largely undisputed:

Smithley began working for ACONA as a finance representative at its Fort Wayne branch in January of 1988. She was promoted to Assistant Branch Manager in December, 1989, and became Group Secretary in May, 1990. Darryl Webb was a Branch Manager for ACONA until December, 1990, when he was promoted to Group Manager. Webb was Smithley's supervisor when she was promoted to Group Secretary in May, 1990, to the date of her termination.

In late 1989/early 1990, Smithley was Acting Branch Manager of the Fort Wayne branch. During this time, Smithley and Tammy Ertel, another ACONA employee, took a credit application from a customer who already had a loan with ACONA. When Smithley and Ertel tried to obtain a credit rating for this customer, it was discovered that he had not yet made any payments on the first loan. Because of this, the computer could not generate the rating. Smithley asked Webb (who was then Group Manager) if there was another way to obtain a credit rating for the customer. Webb instructed Smithley to enter a payment on the customer's account, obtain the credit rating, and then "back off" or delete the payment entry. Smithley and Ertel followed through with the instructions on Ertel's terminal. However, instead of "backing off" the entry after the credit rating was determined, Ertel closed her drawer for the evening. Because Ertel had not actually received funds from the customer for the payment that was entered in the computer, Ertel's drawer would not balance. In order to balance the drawer, Ertel made various entries on the branch's "suspense," or general ledger account. Two checks were received from the customer the next day, forcing Ertel to engage in more creative accounting in an attempt to correct the previous day's mistake.

During a routine company audit of the branch in May or June, 1990, by Brian Halmaghi, the entries in the suspense account were discovered and determined to be improper entries. At this time, Smithley

was working as Group Secretary (under Webb's supervision); however, she was approached by Halmaghi because she was Acting Branch Manager at the time the improper entries were made. Before she talked to Halmaghi, Smithley spoke with Brenda Thomas, who was the manager of the Fort Wayne branch at the time of the audit. Following Thomas's instructions, Smithley gave the auditor a false explanation for the accounting errors. It was later discovered by ACONA that the story related by Smithley was false, and Smithley's employment was terminated because of dishonesty.

Smithley also raises allegations of assault and battery against ACONA and Webb. She alleges that Webb had placed his crotch against her arm when he talked to her as she sat at her desk and that he placed one arm around her and pulled her close to his side.

### STANDARD OF REVIEW

When reviewing a summary judgment motion, this court stands in the shoes of the trial court. *Department of Rev. v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and that judgment should be entered as a matter of law. Once this burden had been met, the opponent may not rest upon the pleadings, but must set forth specific facts showing a genuine issue for trial. T.R. 56(E). We will address Smithley's claims against ACONA and her claims against Webb separately.

### DEFAMATION CLAIM AGAINST ACONA

Smithley's claim of defamation against ACONA stems from the facts surrounding her termination. When it was discovered that Smithley lied to the auditor, Smithley was told to either resign or face termination. She chose termination and requested that she be given the reason for her termination in writing. She received a letter from the ACONA office in Chicago stating that she was terminated because of dishonesty. The letter was signed by a secretary in the home office for Darryl Webb, and allegedly "published" among ACONA personnel in the Chicago office. ACONA argues that summary judgment should be granted on this claim because it is undisputed that Smithley was dishonest and that she was dismissed because of her dishonesty.

The elements of defamation are: 1) communication with defamatory imputation; 2) malice; 3) publication and 4) damages. *Rambo v. Cohen* (1992), Ind.App., 587 N.E.2d 140, *reh'g denied, trans. denied.* Truth is a complete defense to a claim of defamation. *Near East Side Community Organization v. Hair* (1990), Ind.App., 555 N.E.2d 1324.

Smithley concedes that truth is a complete defense; however, she argues that a jury could find the letter libelous because it failed to include the fact that she was told by her supervisor to be dishonest with the auditor. She cites *Golden Bear Dist. Sys. of Texas, Inc v. Chase Revel, Inc.* (5th Cir.1983), 708 F.2d 944, *Memphis Publishing Co. v. Nichols* (1978), Tenn., 569 S.W.2d 412 and *Dunlap v. Philadelphia Newspapers, Inc.*, (1982), 301 Pa.Super. 475, 448 A.2d 6, in support of her argument.

We note first of all that Smithley contends that she was told by Thomas, a branch manager, to tell a false story to the auditor. At the time the audit was conducted, Webb, and not Thomas, was Smithley's direct supervisor. Had ACONA indicated that Smithley was told by her supervisor to be dishonest, ACONA would not have been telling the truth.

Secondly, the cases cited by Smithley in support of her argument are factually distinct from the situation before us today. The gist of these cases is that, although the individual statements in the published articles were true, the jury should be permitted to determine whether the overall effect of the articles were defamatory.

For example, in *Memphis Publishing Co.*, 569 S.W.2d 412, the plaintiffs claimed the following article was defamatory:

> Mrs. Ruth A. Nichols, 164 Eastview, was treated at St. Joseph Hospital for a bullet wound in her arm after a shooting at her, police said.
>
> A 40–year–old woman was held by police in connection with the shooting with a .22 rifle. Police said a shot was also fired at the suspect's husband.
>
> Officers said the incident took place Thursday night after the suspect arrived at the Nichols home and found her husband there with Mrs. Nichols.
>
> Witnesses said the suspect first fired a shot at her husband and then at Mrs. Nichols, striking her in the arm, police reported.
>
> No charges have been placed.

*Id.* at 414. Mr. and Mrs. Nichols sued the newspaper for defamation, arguing that the article indicated that Mrs. Nichols was having an adulterous affair with the woman's husband, which was not the case. The court held that the defense of truth was not available to the newspaper, stating:

> In our opinion, the defendant's reliance on the truth of the facts stated in the article in question is misplaced. The proper question is whether the *meaning* reasonably conveyed by the published words is defamatory, "whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced."

*Id.* at 420.

Here, however, the only implication that may be drawn from the statements'is that Smithley was dishonest, and that she was fired for being dishonest. It is undisputed that both of these things are true. Therefore, summary judgment in favor of ACONA is appropriate on this issue.

### DEFAMATION CLAIM AGAINST WEBB

Smithley concedes that she has no cause of action against Webb for defamation. Therefore, summary judgment in favor of Webb should have been granted on this issue.

### WORKER'S COMPENSATION ACT

The trial court certified the following issue for interlocutory appeal:

> Whether the exclusivity provision of the Indiana Worker's Compensation Act bars plaintiff's action for assault and battery against her former employer and former co-employee resulting from alleged inappropriate sexual touchings by the co-employee during the course of employment? (R. 211).

■ Although ACONA argues that Smithley's claim against it is barred by the exclusivity provision, it does not present any argument nor cite to any authority that Smithley's claim against Webb is likewise barred by the exclusivity provision. Failure to do so results in waiver of the issue of whether the claim against Webb is barred. Ind.Appellate Rule 8.3(A); *Estate of Calcutt v. Calcutt* (1991), Ind.App., 576 N.E.2d 1288, 1296, *reh'g denied, trans. denied.* Therefore, we will only address the issue of whether Smithley's claim against ACONA is barred by the exclusivity provision.

■ ACONA argues that Smithley's claim of assault and battery against *ACONA* only is barred by Ind.Code 22–3–2–6, which provides:

> The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 12–18–6.

This provision excludes all common law rights and remedies of an employee against her employer for personal injury or death if the following conditions are met:

1. the injury or death is by accident;
2. the injury or death arose out of employment; and
3. The injury or death arose in the course of employment.

*Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 973, *reh'g denied.*

■ Smithley concedes that the assault and battery arose out of, and in the course of, her employment. However, she argues that the harm occasioned by the assault and battery was not "by accident" because she expected it due to Webb's previous conduct. She also argues that she has pleaded a cause of action for negligent retention of Webb against ACONA.

■ An injury is considered to be "by accident" when the sufferer did not intend or expect that injury would, on that particular occasion, result from what he was doing. *Fields v. Cummins Employees Federal Credit Union* (1989), Ind.App., 540 N.E.2d 631, 634. In *Fields*, this court held that plaintiff's civil suit against her employer for sexual harassment by her supervisor was barred by the exclusivity provision of the Worker's Compensation Act. In so holding, this court rejected plaintiff's argument that, although the first incident of alleged sexual harassment may have been by accident, repeated incidents were not because she expected the behavior. This result is consistent with the decision of the Indiana Supreme Court in *Hansen v. Von Duprin* (1987), Ind., 507 N.E.2d 573, in which the court held that an employee's claim for damages against her employer due to her supervisor's repeated harassment fell within the Worker's Compensation Act.

The facts in this case are indistinguishable from those presented in *Fields,* 540 N.E.2d 641. Smithley's claim of assault and battery against *ACONA* is barred by the exclusivity provision of the Worker's Compensation Act. *Id.* Likewise, Smithley's claim that she has pleaded a cause of action for negligent retention of Webb against ACONA is also barred by the Act. *Id.* We therefore hold that summary judgment in favor of ACONA on Smithley's claim against ACONA for assault and battery and negligent retention is appropriate.

### ASSAULT AND BATTERY CLAIM AGAINST WEBB

■ In her complaint, filed December 18, 1990, Smithley made a general allegation of assault and battery against Webb and ACONA. We have already held that Smithley's claim against ACONA is barred by the Worker's Compensation Act. As to the claim against Webb, Webb argues that Smithley is barred by the statute of limitations from relying on actions which allegedly occurred over two years before the complaint was filed to support her claim of assault and battery. Therefore, he argues, summary judgment should have been granted on part of Smithley's claim against him. Smithley argues that Webb's course of conduct was a continuing wrong; therefore, the limitation period did not begin to run until after the last alleged incident of assault and battery.

When questioned at her deposition about when the incidents supporting this claim occurred, Smithley testified that some of them occurred before August, 1988, and others occurred up to the time she was terminated. Webb denies the allegations. Because some of the alleged incidents occurred within the limitations period, Smithley's claim is still viable. Further, because there is conflicting evidence as to whether the actions occurred, summary judgment on this issue was properly denied.

### CONCLUSION

In conclusion, we hold that summary judgment in favor of ACONA should be granted on Smithley's claims of defamation and assault and battery against ACONA. We also hold that summary judgment should have been granted in favor of Webb on Smithley's defamation claim against him. As to Smithley's claim of assault and battery against Webb, we hold that summary judgment was properly denied.

AFFIRMED IN PART, REVERSED IN PART.

SHARPNACK, C.J., and GARRARD, J., concur.