**Tim W. SPEARS and Kim Spears, Appellants–Plaintiffs,**

v.

**Gale BLACKWELL and Toni Blackwell, Appellees–Defendants.**

No. 54A05–9507–CV–273.

Court of Appeals of Indiana.

June 18, 1996.

Rehearing Denied Aug. 13, 1996.

Elizabeth A. Justice, James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, for Appellants.

Grover B. Davis, McClure McClure & Kammen, Indianapolis, for Appellees.

## OPINION

BARTEAU, Judge.

Tim W. Spears and Kim Spears ("Spearses") appeal the trial court's granting of Gale

Blackwell and Toni Blackwell's ("Blackwells") Motion for Summary Judgment, raising several issues on appeal. However, we need only discuss the issue of whether a genuine issue of material fact exists precluding summary judgment.

We reverse and remand.

### FACTS

In the afternoon of June 14, 1991, Tim Spears was driving his car in a southerly direction on Ladoga Road in Montgomery County, Indiana. The Blackwells owned six acres of real estate ("Property") abutting the west side of Ladoga Road, including a house located approximately 500 feet from Ladoga Road. The Property was in a rural area, with farmers' fields in the immediate area.

Stacy M. Brier, employee of Sparkle Pools, cleaned and treated the Blackwells' pool on June 14, 1991. After doing so, Brier was driving her car in an easterly direction down the Blackwells' driveway to leave the Property. On the Property, to the north and next to the end of the driveway was an area of land that was slightly higher in elevation than the end of the driveway and Ladoga Road. This raised area of land is close to Ladoga Road, but is separated by a shallow ditch that runs parallel to the road. At the end of the driveway, Brier stopped her car and looked both ways before proceeding onto Ladoga Road. Due to the height of the vegetation, described as weeds, growing on the area of raised land, Brier was unable to see if any vehicles were approaching, so she had to roll down her window to listen for oncoming vehicles. Neither Brier nor Tim Spears saw each other's car as Brier entered onto Ladoga Road, at which point Tim Spears's car struck the side of Brier's car. Tim Spears sustained various injuries from the accident.

The Spearses filed suit against the Blackwells. The Spearses assert that the accident, which caused Tim Spears's injuries, resulted from his and Brier's inability to see each other's car, and such inability was due to the height of the vegetation growing on the

Blackwells' property. On January 11, 1995, the trial court granted the Blackwells' motion for summary judgment. The trial court based its decision on a finding that the Blackwells owed no legal duty to Tim Spears regarding the maintenance of the Blackwells' property. On April 10, 1995, the trial court denied the Spearses' motion to correct errors. We discuss additional facts *infra.*

### STANDARD OF REVIEW

When reviewing a grant of a motion for summary judgment we stand in the shoes of the trial court, and we are not limited to reviewing the trial court's reasons for granting summary judgment. *Claxton v. Hutton,* 615 N.E.2d 471, 473 (Ind.Ct.App. 1993). We resolve any doubt about a fact or any inference to be drawn from it in favor of the nonmoving party. *Id.* We will affirm the trial court's decision only if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *ACONA v. Smithley,* 621 N.E.2d 1116, 1119 (Ind.Ct.App.1993). A fact is material for purposes of summary judgment if its resolution is decisive of either the action or a relevant secondary issue. *Lee v. Weston,* 402 N.E.2d 23, 24 (Ind.Ct.App. 1980).

The trial court entered an order containing facts and conclusions of law based on those facts. This does not, however, change the nature of our review of summary judgment. In a summary judgment context, the entry of specific facts and conclusions aids our review by providing us with a statement of reasons for the trial court's decision, but it has no other effect. *P.M.S., Inc. v. Jakubowski,* 585 N.E.2d 1380, 1381 n. 1 (Ind.Ct. App.1992).

### DISCUSSION

The key issue is whether the Blackwells, as owners of the realty in a rural area, owed Tim Spears, as a user of the public thoroughfare of Ladoga Road, a duty of care to maintain the vegetation in a way that protected

him from harm that could result from the condition of the vegetation.

■ The Spearses' claim is a negligence action. To prevail in a negligence action, the plaintiff must prove the elements of a cause of action for negligence, being: (1) defendants' duty to conform their conduct to a standard of care arising from their relationship with the plaintiff; (2) breach of that duty; and (3) injury to the plaintiff resulting from that breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991), *reh'g denied.* Here, we are asked to address the issue of whether a duty exists. If the Blackwells owed no duty to Tim Spears under these facts, then no breach and no recovery can occur under a negligence cause of action. *Hawn v. Padgett*, 598 N.E.2d 630, 632 (Ind. Ct.App.1992).

■ Generally, the court decides as a matter of law whether a duty exists. *Webb*, 575 N.E.2d at 995; *Clyde E. Williams and Associates, Inc., v. Boatman*, 176 Ind.App. 430, 434, 375 N.E.2d 1138, 1140 (1978). However, at times the fact finder must determine a preliminary factual issue, the existence of which will lead the trial court to determine the legal issue of whether a duty of care arises. *Boatman*, 176 Ind.App. at 435, 375 N.E.2d at 1140–42. In such cases, the determination of the existence of a duty becomes a mixed question of law and fact, which the fact finder ultimately resolves. *State v. Cornelius*, 637 N.E.2d 195, 198 (Ind.Ct.App. 1994), *trans. denied.*

■ Generally, an owner of realty does not owe a duty to passersby using an adjacent public thoroughfare to protect them from harm that could result from natural conditions of the land. *Valinet v. Eskew*, 574 N.E.2d 283 (Ind.1991). Conversely, such a duty is owed regarding an artificial condition of the land about which the landowner knew or should have known. *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind.Ct. App.1989), *trans. denied; Pitcairn v. Whiteside*, 109 Ind.App. 693, 34 N.E.2d 943 (1941).

■ The trial court granted summary judgment because it determined that the vegetation was a natural condition. The Spearses contend that the trial court erred when it determined that the vegetation was a natural condition, contending that the issue of whether the vegetation was a natural or an artificial condition is a genuine issue of material fact.[1] We agree.

■ The Restatement defines natural conditions as land that was not changed by any acts of humans, including the possessor or any predecessors in interest. Restatement (Second) of Torts § 363 cmt. b (1965).[2] Natural conditions also include the natural growth of vegetation, such as weeds, on land that is not artificially made receptive to them. *Id.* Also, vegetation that humans plant is non-natural despite whether they are inherently harmful or become so only because of subsequent changes due to natural forces. *Id.* Additionally, the Restatement defines "natural condition" of land to be "a condition that is not in any way the result of human activity." Restatement (Second) of Torts § 840 cmt. a (1979). "Natural condition" includes "soil that has not been cultivated, graded or otherwise disturbed." *Id.* Vegetation is not considered a "natural condition" if it "grows on land only because it has been plowed," even if no one planted or cultivated the vegetation. *Id.*

---

1. As a preliminary issue, the Spearses contend that the trial court incorrectly placed the burden of proof on them to show that the area was artificially made receptive to the vegetation. However, the trial court did not commit error. The Blackwells, as the movant for summary judgment, bore the burden to prove the existence of an undisputed material fact that negated at least one element of the Spearses' claim. *Computers Unlimited v. Midwest Data Systems, Inc.*, 657 N.E.2d 165, 168 (Ind.Ct.App.1995). The Black-

wells met this burden by designating evidence that the vegetation was a natural condition. Then, the trial court correctly placed the burden on the Spearses to set forth specific facts showing the existence of a genuine issue regarding whether the vegetation was natural or artificial. *Id.* The Spearses carried their burden.

2. Adopted by our Supreme Court in *Valinet*, 574 N.E.2d 283.

The vegetation on the raised area is described as having been tall weeds at the time of the accident. Before the Blackwells' ownership of the property, the owners of the property had planted juniper shrubs and a rock garden in the area where the vegetation was growing. Evidence of this rock and juniper garden was still present in August of 1993 when a large amount of rock and dirt was removed from the area where the vegetation was growing.[3] Also, a corn field existed in the vicinity of the raised area when the Blackwells first acquired the property. And, on at least one occasion before the accident, the Blackwells mowed the area of the vegetation.[4]

The Spearses presented evidence from which a reasonable trier of fact could determine that the vegetation was not a natural condition. This created a genuine issue of material fact precluding summary judgment. *See* Ind.Trial Rule 56(C); *ACONA*, 621 N.E.2d at 1119. We reverse the entry of summary judgment and remand this case to the trial court.

Reversed.

RUCKER and ROBERTSON, JJ., concur.

---

3. We point out that in making its determination that the vegetation was a natural condition the trial court discussed the fact that workers removed several tons of rock and dirt, along with vegetation, from the area on which the vegetation was growing. The trial court stated that although this action was a man made disturbance, it would have only served to improve the visibility of Ladoga Road from the end of the driveway. R. at 653. However, the trial court mistook the timing of this removal action. The removal action took place after the accident, and thus would not be a factor in determining the

degree of visibility, nor whether the vegetation was a natural or an artificial condition, at the time of the accident. R. at 547.

4. The trial court was correct in discussing the fact that "natural condition" does not mean that human activity may not have ever affected an area. The human activity may be so remote in time, or so minimal in effect, that what may have begun as an artificial condition becomes a natural condition.