John W. BARTLE, Appellant–
Defendant,

v.

HCFP FUNDING, INC.,
Appellee–Plaintiff.

No. 49A04–0011–CV–469.

Court of Appeals of Indiana.

Oct. 18, 2001.

R. Brock Jordan, Rubin & Levin, Indianapolis, IN, Attorney for Appellant.

Bradley C. Morris, Kelly S. Thompson, Johnson Smith, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

John W. Bartle appeals the denial of his motion to dismiss and the grant of summary judgment for HCFP Funding, Inc., on its Complaint to Enforce Foreign Judgment. We restate the issue Bartle raises on appeal as whether a Maryland court had personal jurisdiction over him when a contract between HCFP and First Health, a corporation of which Bartle was president, provided that Maryland law would govern the agreement and when Bartle personally guaranteed the agreement.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Bartle is an Indiana resident and president of First Health Corporation. Bartle executed, in his capacity as president of First Health, an agreement whereby HCFP would purchase some of First Health's accounts receivables ("the Agreement"). The Agreement provides that it is to be governed by and construed in accordance with Maryland law. Bartle also executed, in his personal capacity, a "Fraud Guaranty" ("the Guaranty") wherein he personally guaranteed the agreement between HCFP and his corporation.

In May of 1998, HCFP sued Bartle in a Maryland court. Bartle did not appear, and a default judgment was entered against him in September of 1998. In December of 1998, HCFP brought in the Marion Superior Court an action to enforce its Maryland judgment against Bartle. The trial court granted summary judgment for HCFP on the ground there was no evidence to rebut the presumption the Maryland judgment was valid.

## DISCUSSION AND DECISION

This court stands in the shoes of the trial court when it reviews the grant or denial of a summary judgment motion. *Long v. Dilling Mechanical Contractors, Inc.*, 705 N.E.2d 1022,1024 (Ind.Ct.App. 1999), *reh'g denied, trans. denied* 726 N.E.2d 308 (Ind.1999). When the desig-

nated materials show there is no genuine factual issue and that the movant is entitled to judgment as a matter of law, the grant of a summary judgment motion will be affirmed. *Id.* We construe the evidence in the nonmovant's favor, resolving doubts about the existence of a genuine factual issue against the motion's proponent. *Id.* A grant of summary judgment may be affirmed on any theory that the designated materials support. *Id.*

■■■ Records and judicial proceedings from courts in other states "shall have full faith and credit given to them in any court in Indiana as by law or usage they have in the courts in which they originated." Ind. Code § 34–39–4–3. Nonetheless, a court may inquire into the jurisdictional basis of the foreign court's decree. If the foreign court did not have jurisdiction over the subject matter or the parties, full faith and credit need not be given. *Northern Indiana Commuter Transp. Dist. v. Chicago SouthShore & South Bend R.R.*, 685 N.E.2d 680, 685–86 (Ind.1997). This scope of review is limited; it does not entail *de novo* review of the jurisdictional issue by the second court. Rather, the general rule is that a judgment is entitled to full faith and credit as to questions of jurisdiction when those questions have been fully and fairly litigated and finally decided in the court that rendered the original judgment. *Id.*

■■■ It is undisputed that Bartle did not appear in the Maryland court or answer the HCFP complaint. We therefore decline to hold that the question of the Maryland court's jurisdiction over Bartle was "fully and fairly litigated and finally decided" there. "Where the question of fact or law on which jurisdiction depends was not litigated in the original suit, it is a matter to be adjudicated in the suit founded upon the judgment. If the rendering court acted without jurisdiction, the full faith and credit clause does not operate

and the foreign judgment is of no force and effect." *Renwick v. Renwick,* 24 Md. App. 277, 330 A.2d 488, 494 (1975). Accordingly, we must determine whether the Maryland court had jurisdiction over Bartle. It did not.

■■■ HCFP does not assert any basis for Maryland's jurisdiction over Bartle other than the Maryland "long-arm" jurisdiction statute. That statute provides that a court may exercise personal jurisdiction over a person who "transacts any business" in Maryland. Md.Code Ann., Cts. & Jud. Proc. § 6–103(b)(1). HCFP contends Bartle transacted business in Maryland because "he executed a contract with a Maryland entity" (Br. of Appellee at 9) and because the Guaranty "specifically incorporates the Agreement by reference." (*Id.* at 8.) We decline to hold that, as a matter of law, Bartle "transacted business" in Maryland on either of those grounds.

HCFP's assertions that "[t]he Fraud Guaranty ... specifically incorporates the Agreement by reference" and that HCFP is a "Maryland entity" are unsupported by the designated evidence. The Guaranty does state, "Please reference that certain Receivables Purchase and Sale Agreement between you and seller of even date herewith (the 'Agreement')," (R. at 69), but the Guaranty nowhere states or otherwise indicates the Agreement is "incorporated by reference." Counsel for HCFP characterizes HCFP as a "Maryland entity" but favors us with no record reference supporting that characterization. Our independent review of the record reveals no support for the characterization of HCFP as a "Maryland entity," nor any evidence HCFP has a presence in Maryland. Rather, the Agreement indicates HCFP is a Delaware limited partnership, and a Washington, D.C., address for HCFP is indicated on the Agreement.

HCFP also asserts without explanation that because the Agreement to which the Guaranty refers is to be governed by Maryland law, "[b]y executing the Fraud Guaranty, Mr. Bartle subjected himself to Maryland's jurisdiction." (Br. of Appellee at 8.) He did not.

We decline HCFP's invitation to equate a choice-of-law provision with a choice-of-forum provision. *See Associates Inv. Co. v. Claeys,* 533 N.E.2d 1248, 1253 (Ind.Ct. App.1989) (noting distinction between choice-of-forum and choice-of-law); *Terry Fashions, Ltd. v. Ultracashmere House,* 462 N.E.2d 252, 254 (Ind.Ct.App.1984) (choice of law is not dispositive of jurisdiction); and *Agrashell, Inc. v. Bernard Sirotta Co.,* 344 F.2d 583, 588 (2d Cir.1965) (choice of law provision in a contract cannot be construed as a voluntary submission by a party to personal jurisdiction of that state's courts absent express contractual understanding to that effect; contacts with a state sufficient to justify application of that state's law might not be the same contacts necessary for personal jurisdiction).

In the absence of evidence of any substantial contacts between Bartle and Maryland other than the parties' choice of Maryland law to govern their contract, we find the Maryland court lacked personal jurisdiction over Bartle. Accordingly, we reverse the grant of summary judgment for HCFP and remand to the trial court with instructions to grant Bartle's Motion to Dismiss.

Reversed and remanded.

SHARPNACK, C.J., and KIRSCH, J., concur.