**Steve PATTERSON, Appellant–Plaintiff,**

v.

**Ronald E. SEAVOY, Appellee–Defendant.**

No. 53A04–0404–CV–226.

Court of Appeals of Indiana.

Feb. 9, 2005.

ment is waived. *See Diaz,* 753 N.E.2d at 728    n. 4.

Rudolph WM. Savich, Bloomington, IN, Attorney for Appellant.

Cynthia A. Muse, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Steve Patterson appeals the trial court's entry of summary judgment in favor of Ronald E. Seavoy and presents the following issues for our review:

1. Whether the grantee of an unrecorded deed is a real party in interest.
2. Whether Seavoy is entitled to summary judgment on the merits of Patterson's negligence claim.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On June 30, 1993, Patterson executed a warranty deed by which he conveyed the property located at 410 South Highland Avenue in Bloomington (the "property") to Daniel Bradley, subject to a second mortgage retained by Patterson. Bradley recorded the deed (the "first deed"). Bradley then re-conveyed the property to Patterson by warranty deed dated April 24, 1997 (the "second deed"), but Patterson did not record that deed until February 25, 2004.

On June 22, 1998, after Bradley had reconveyed the property to Patterson but before Patterson had recorded the second deed, a hickory tree located on Seavoy's property was toppled by strong winds during a severe thunderstorm.[1] When the tree fell, it damaged the house on the property. Patterson then filed a complaint against Seavoy, alleging that Seavoy had negligently maintained the hickory tree. Seavoy filed a motion for summary judgment in which he asserted that he was entitled to judgment as a matter of law because (1) Patterson was not a real party in interest and lacked standing, and (2) there was no genuine issue of material fact that Seavoy had no actual or constructive knowledge of the hickory tree's allegedly defective root structure. On January 26, 2004, following argument, the trial court granted Seavoy's motion. A month later, on February 25, 2004, Patterson recorded the second deed. On the same day, Patterson also filed a motion to correct error, which the court later denied. This appeal ensued.

### DISCUSSION AND DECISION

In negligence cases, summary judgment is rarely appropriate. *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind.2004) (quotation omitted). This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a trier of fact after hearing all of the evidence. *See id.* Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. *Bernstein v. Glavin*, 725 N.E.2d 455, 462 (Ind.Ct.App.2000), *trans. denied.* The moving party bears the burden of showing the absence of a factual issue and his entitlement to judgment as a matter of law. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind.Ct.App. 1995). Negligence cannot be established by inferential speculation alone. *Id.* at 1163. The failure of an inference may occur as a matter of law when the intended inference can rest on no more than specu-

---

1. Seavoy has since sold the property on which the hickory tree stood.

lation or conjecture. *Id.* All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Worman Enterprises, Inc. v. Boone County Solid Waste Mgmt. Dist.,* 805 N.E.2d 369, 373 (Ind.2004).[2] If the trial court's summary judgment can be sustained on any theory or basis in the record, we must affirm. *Ebersol v. Mishler,* 775 N.E.2d 373, 378 (Ind.Ct.App.2002), *trans. denied.*

### Issue One: Real Party in Interest

■ The threshold issue is whether Patterson is a real party in interest entitled to bring suit against Seavoy.[3] Seavoy contends that Patterson cannot be a real party in interest because Patterson did not prove that he owned the property. The issue of whether the grantee in an unrecorded deed is a real party in interest entitled to sue for damage to the property described in the deed is a matter of first impression for our court.

■ Indiana Trial Rule 17(A) states that "[e]very action shall be prosecuted in the name of the real party in interest." Standing is similar to, although not identical with, real party in interest requirements of Indiana Trial Rule 17. *Hammes v. Brumley,* 659 N.E.2d 1021, 1029 (Ind. 1995). Standing refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit. *Id.* A real party in interest, on the other hand, is the person who is the true owner of the right sought to be enforced. *Id.* at 1030.

He or she is the person who is entitled to the fruits of the action. *Id.* When property is injured by the negligence of another, the owner of that property is the one who should bring suit. *See Leeds v. City of Richmond,* 102 Ind. 372, 1 N.E. 711, 719 (1885).

■ To determine the owner of the property in this case, we must first examine Indiana's law of conveyances. For a valid transfer of legal title, the grantor must make, execute, and deliver a deed to the grantee containing words of conveyance and describing the property and the interest to be conveyed. *See* 10 I.L.E. *Deeds* §§ 11, 33 (1983); *see also* Ind.Code §§ 32–17–1–2, 32–21–1–15; *Bercot v. Velkoff,* 111 Ind.App. 323, 41 N.E.2d 686, 689 (1942). And "[t]he possession by the grantee of a deed regularly executed is prima facie evidence of its delivery." *Squires v. Summers,* 85 Ind. 252, 254 (Ind. 1882); *see Lewis v. Burke,* 248 Ind. 297, 226 N.E.2d 332, 335 (1967). Absent evidence of the date of actual delivery, the grantee's possession of a deed creates a rebuttable presumption that the deed was delivered to the grantee on the date of the deed. *See Scobey v. Walker,* 114 Ind. 254, 15 N.E. 674, 676 (1888). In this case, Patterson held an unrecorded warranty deed to the property.[4] Seavoy does not dispute the validity of that deed, nor does he dispute that Patterson possessed it.

Still, Seavoy contends that Patterson has not proved that he was the owner of

2. The trial court did not enter findings and conclusions when it granted Seavoy's motion for summary judgment, and, thus, it is unclear on what basis the court granted the motion.

3. In his summary judgment motion, Seavoy also alleged that Patterson lacked standing, but he does not assert that issue on appeal. Therefore, that argument has been waived. *See Dawson v. State,* 810 N.E.2d 1165, 1172

(Ind.Ct.App.2004), *trans. denied* ("[I]f an issue was known and available, but not raised on direct appeal, it is waived.").

4. Patterson designated his answer to one of the interrogatories as evidence that he held an unrecorded deed to the property at issue, but the better practice would have been to designate the unrecorded deed itself.

the property when the damage occurred. In support, he cites *Allen v. Moran*, 760 N.E.2d 198, 202 (Ind.Ct.App.2001), for the proposition that "legal record title is the highest evidence of ownership." He further points out that Bradley was listed as the record owner of the property until February 25, 2004, approximately one month after the trial court granted summary judgment in Seavoy's favor. Seavoy also presented evidence that Patterson did not reside in the house located on that property and that Patterson did not carry insurance on the property.

We agree with Seavoy that record title is *evidence* of ownership. But recording does not *establish* ownership, and whether or not a deed is recorded has no effect on its validity. *See Book v. Hester*, 695 N.E.2d 597, 600 (Ind.Ct.App.1998) ("As a general rule, a party to a deed, mortgage or other instrument concerning an interest in real estate is bound by the instrument whether or not it is recorded."). It has long been recognized that *"[t]he registration of a deed adds nothing to its effectiveness as a conveyance;* all that it accomplishes is to impart notice." *Shirk v. Thomas*, 121 Ind. 147, 22 N.E. 976, 976–77 (1889) (emphasis added). Indeed, "[t]he purpose of the recording statute is to provide protection to subsequent purchasers, lessees, and mortgagees." *Meyer v. Marine Builders, Inc.*, 797 N.E.2d 760, 774 (Ind.Ct.App.2003) (citing *Szakaly v. Smith*, 544 N.E.2d 490, 491 (Ind.1989)).[5] That is, when multiple parties claim adverse interests in the same land, the date of recording provides a

means to determine priority among those claims. *See, e.g., Petz v. Estate of Petz*, 467 N.E.2d 780, 782 (Ind.Ct.App.1984).

The date that Patterson recorded the second deed is immaterial. Bradley transferred title to the property to Patterson when he made, executed, and delivered a valid warranty deed on April 27, 1997, and that alone was sufficient to establish Patterson's ownership of the property. As of that date, Patterson held legal title to the property, and Bradley could not have brought an action for damage to the property. Rather, as "the true owner of the right sought to be enforced," Patterson is the real party in interest and is entitled to bring suit against Seavoy. *See Hammes*, 659 N.E.2d at 1030.

### Issue Two: Negligence

#### A. Duty

Next, Patterson contends that summary judgment is improper because Seavoy failed to establish that he did not owe a duty to Patterson. To recover in negligence, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Nance v. Holy Cross Counseling Group*, 804 N.E.2d 768, 771 (Ind.Ct.App.2004), *trans. denied*. Absent a duty, there can be no breach and, therefore, no recovery in negligence. *Sheley v. Cross*,

---

5. The statute requires conveyances, mortgages of land, leases for more than three years, or any interest in land to be recorded in the recorder's office of the county where the land is situated. Ind.Code § 32–21–4–1 (formerly, Ind.Code § 32–1–2–16). It further states:

A conveyance, mortgage, or lease takes priority according to the time of its filing. The conveyance, mortgage, or lease is fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration if the purchaser's, lessee's, or mortgagee's deed, mortgage, or lease is first recorded.

*Id.*

680 N.E.2d 10, 12 (Ind.Ct.App.1997), *trans. denied.* Generally, the court decides as a matter of law whether a duty exists. *Spears v. Blackwell,* 666 N.E.2d 974, 977 (Ind.Ct.App.1996), *trans. denied.* However, at times the fact finder must determine a preliminary factual issue, the existence of which will lead the trial court to determine the legal issue of whether a duty of care arises. *Id.* In such cases, the determination of the existence of a duty becomes a mixed question of law and fact, which the fact finder ultimately resolves. *Id.*

In Indiana, a duty is owed regarding an artificial condition of the land about which the landowner knew or should have known. *Id.* But the general rule is that a landowner is not liable for harm caused outside his land by a natural condition thereon. *See Valinet v. Eskew,* 574 N.E.2d 283, 285 (Ind.1991); *see also Sheley,* 680 N.E.2d at 13. Courts have imposed liability, however, when landowners had actual knowledge of a dangerous natural condition. *Valinet,* 574 N.E.2d at 285. A natural condition of the land is a condition that has not been changed by any acts of humans, including the possessor or any predecessors in interest. *See Spears,* 666 N.E.2d at 977 (quoting RESTATEMENT (SECOND) OF TORTS § 363 cmt. b (1965) [6]). Vegetation that humans plant is non-natural despite whether they are inherently harmful or become so only because of subsequent changes due to natural forces. *Id.*

In this case, the duty issue turns on whether the hickory tree is a natural or artificial condition of the land. The only evidence Seavoy designated regarding the origin of the tree was the statement in his affidavit that it was on the property when he purchased it in 1991. But, as Patterson points out, Seavoy did not designate any evidence to show that a previous owner, or anyone else, had *not* planted the hickory tree. *See id.* (natural condition is one which "is not in any way the result of human activity"). The designated evidence would require us to speculate whether someone had planted the tree prior to Seavoy's purchase of the property, which we cannot do. *See Colen,* 654 N.E.2d at 1163 ("The failure of an inference may occur as a matter of law when the intended inference can rest on no more than speculation or conjecture."). Seavoy did not meet his burden of showing that the hickory tree was a natural condition, and, thus, he failed to establish that he did not owe "a duty of reasonable care to prevent defective trees from posing a hazard to others on adjacent land." Appellant's App. at 38. But because Seavoy must negate only *one* element of Patterson's claim to be entitled to summary judgment, *see Bernstein,* 725 N.E.2d at 462, and because we may affirm summary judgment on any grounds, *see Ebersol,* 775 N.E.2d at 378, we must also address whether summary judgment was properly granted on the element of breach.[7]

---

**6.** Our supreme court adopted this section of the Restatement in *Valinet,* 574 N.E.2d at 285.

**7.** Seavoy asserts that he owed no duty to Patterson because he lacked actual or constructive knowledge of the hickory tree's allegedly defective root structure. Essentially, that claim amounts to an argument that no duty existed because the danger that his tree would fall was not foreseeable. But the factfinder takes the foreseeability of an event into account when he evaluates the reasonableness of the defendant's actions, i.e., when he determines whether a *breach* of a duty has occurred. *See, e.g., Smith v. Baxter,* 796 N.E.2d 242, 244 (Ind.2003) (quoting *Douglass v. Irvin,* 549 N.E.2d 368, 370 (Ind.1990)). Accordingly, we address his arguments as if he had framed the issue in terms of breach rather than duty.

## B. Breach

Even assuming, without deciding, that Seavoy owed Patterson a duty, we agree with Patterson that a genuine issue of material fact exists regarding breach. A duty of reasonable care requires a person to anticipate and guard against what usually happens or is likely to happen, and a failure to do so is negligence. *See Wells v. Hickman,* 657 N.E.2d 172, 179 (Ind.Ct.App.1995). But reasonable care does not require him to foresee and guard against that which is unusual and not likely to occur. *Id.* at 180. The determination of whether a breach of duty occurred is a factual question which requires an evaluation of the landowner's conduct with respect to the requisite standard of care. *Harris v. Traini,* 759 N.E.2d 215, 223 (Ind.Ct.App.2001) (quotations omitted), *trans. denied.* In this regard, our supreme court has noted that if the facts are in dispute, or if reasonable men may draw different conclusions from undisputed facts, the question of negligence is one for the trier of fact. *See id.* (quotations omitted).

Here, Seavoy designated evidence that a severe storm with peak wind speeds of seventy miles per hour caused dozens of trees and power lines to be blown down in and around Bloomington on June 22, 1998; that three other homes and several vehicles had also sustained damage due to fallen trees that day; that Seavoy's tree appeared outwardly healthy; that it developed a full crown each year and was not visibly decayed; that any alleged defect in the tree's root structure would not have been visible before the tree fell over; and that neither Seavoy nor Patterson expected the tree to fall over prior to the incident.

In response, Patterson designated portions of the deposition testimony of his expert witness, Steve Arbuckle. Arbuckle testified that "[y]ou can predict root structure damage from where the tree is planted;" that about fifty percent of homeowners are able to predict root structure damage; that the tree's root structure "was pretty nonexistent on the three sides" of the tree that had been surrounded by Seavoy's patio, driveway, and an alley; and that "[the tree] had very little area ... to put down a ... sustainable root structure." Appellant's App. at 81. According to Arbuckle, "[the tree] was planted in a real bad spot," and it was the condition of its root structure that caused it to fall over in the storm. *Id.* at 81, 83. In Arbuckle's opinion, Seavoy should have obtained a consultation with an expert due to the hickory tree's size and location. Arbuckle further stated that if he had inspected the tree prior to the date of the storm, he would have recommended pruning or removal of the tree.

Again, "[w]e construe the evidence in the nonmovant's favor, resolving doubts about the existence of a genuine factual issue against the motion's proponent." *Bartle v. HCFP Funding, Inc.,* 756 N.E.2d 1034, 1036 (Ind.Ct.App.2001). In light of Arbuckle's testimony, we cannot say, as a matter of law, that the tree's inability to withstand high winds was not reasonably foreseeable. Thus, we conclude that Patterson's designated evidence raises a genuine issue of fact concerning the breach of any duty owed to Patterson to prevent a defective tree from posing a hazard to his land. Whether Seavoy exercised the requisite degree of care under the circumstances is a question for a trier of fact, and "the mere improbability of recovery by a plaintiff does not justify summary judgment against him." *Crossno v. State,* 726 N.E.2d 375, 382 (Ind.Ct.App.2000). "In negligence cases, summary judgment is rarely appropriate," and this case is no exception. *Rhodes,* 805 N.E.2d at 387.

Therefore, we hold that the trial court erred when it entered summary judgment in Seavoy's favor.

Reversed.

KIRSCH, C.J., and VAIDIK, J., concur.