

FILED

Jan 26 2017, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Pamela A. Paige
Plunkett Cooney, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mario Garcia
Brattain Minnix Garcia
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| U.S. Bank, National Association, Successor to National City Bank,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>Jewell Investments, Inc.,<br><br>*Appellee-Plaintiff* | January 26, 2017<br><br>Court of Appeals Case No. 49A05-1607-MF-1578<br><br>Interlocutory Appeal from the Marion Superior Court<br><br>The Honorable Cynthia J. Ayers, Judge<br><br>Trial Court Cause No. 49D04-0806-MF-26954 |

**Crone, Judge.**

## Case Summary

Jewell Investments, Inc. ("Jewell"), filed a foreclosure action naming U.S. Bank, National Association, Successor to National City Bank ("Bank") as a defendant as to a certain piece of real estate. Bank filed a summary judgment motion, asserting that it was a bona fide purchaser of the real estate and therefore its lien was entitled to priority over Jewell's. The trial court denied

Bank's motion. Bank now appeals. We conclude that Bank carried its burden to show that there is no genuine issue of material fact as to whether it is a bona fide purchaser and that it is entitled to judgment as a matter of law. Accordingly, we reverse and remand with instructions to enter summary judgment in favor of Bank.

## Facts and Procedural History[1]

The heart of this dispute is whether Bank or Jewell has lien priority on real estate ("the Real Estate") commonly known as 602 Manhattan Avenue, Indianapolis and legally described as Lot Number 84 in Biltmore Gardens, recorded in Plat Book 18, pages 88-89, in the Marion County Recorder's Office.[2] Appellant's App. Vol. 2 at 151. On or about January 29, 2007, Diversified Investments, LLC ("Diversified"), executed a mortgage in favor of Jewell ("the Jewell Mortgage") for the Real Estate, which was recorded on February 1, 2007. The Jewell Mortgage describes the Real Estate as "[c]ommonly known as: 602 S. Manhattan, Indianapolis, IN." *Id*. at 152.[3] It is undisputed that the Jewell Mortgage does not contain the legal description of the Real Estate. *See* Appellee's Br. at 7 ("[T]he mortgage inadvertently omitted

---

[1] Both Bank's and Jewell's briefs fail to comply with our rules because their citations to the record are in footnotes rather than in the text of the document. *See* Ind. Appellate Rule 22 (requiring adherence to Bluebook rules); THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B1, at 3-4 (Columbia Law Review Ass'n et al. eds., 20th ed. 2016) ("In non-academic legal documents, such as briefs and opinions, citations generally appear within the text of the document directly after the propositions they support.").

[2] All instruments relevant to this appeal are recorded in the Marion County Recorder's Office.

[3] Although the Jewell Mortgage states that the address is 602 S. Manhattan Avenue, Jewell states that the Real Estate is commonly known as 602 Manhattan Avenue. Appellee's Br. at 4, 7.

the legal description."). On February 8, 2007, Diversified recorded its ownership of the Real Estate by special warranty deed.

[3] In July 2007, Francisco Rutiga Retana agreed to purchase the Real Estate from Diversified and sought financing from National City Mortgage, a division of National City Bank. In furtherance of this transaction, Fax Mobile Abstracting, Inc., performed a title examination of the Real Estate ("Fax Mobile's Property Search"). Fax Mobile's Property Search did not reveal the Jewell Mortgage. However, it revealed that Diversified had executed a mortgage for the Real Estate in favor of Newton County Loan & Savings FSB ("the Newton Mortgage"), which was recorded on February 8, 2007. The Newton Mortgage contained the legal description of the Real Estate.

[4] On September 2007, the closing for Retana's purchase of the Real Estate from Diversified was held. Diversified executed and delivered a corporate warranty deed to Retana, which was recorded on December 31, 2007. Retana executed and delivered an $80,500 note in favor of National City Mortgage. As security for the note, Retana executed and delivered an $80,500 mortgage to National City Mortgage ("the Bank Mortgage"), which was recorded on September 28, 2007. The Bank Mortgage was subsequently assigned to Bank and recorded on September 25, 2008.

[5]     On June 17, 2008, Jewell filed an action to foreclose on various properties including the Real Estate, naming Bank as a party as to that property.[4] Bank was served with a copy of Jewell's complaint but did not appear or file any pleadings. On May 29, 2009, Jewell moved for entry of default judgment and decree of foreclosure. The same day, the trial court issued an agreed entry of in rem judgment and decree of foreclosure, defaulting Bank and foreclosing Jewell's asserted mortgage lien on the Real Estate. On September 10, 2009, based on the judgment and decree of foreclosure, a sheriff's deed to the Real Estate was executed in favor of Jewell.

[6]     On April 12, 2012, Bank filed a motion to set aside sheriff's sale and default judgment. On November 6, 2014, the trial court vacated the sheriff's deed and the judgment and decree of foreclosure. On June 25, 2015, Bank filed a motion for summary judgment against Jewell, asserting that because the Jewell Mortgage had no legal description of the Real Estate, Fax Mobile's Property Search was unable to locate it, and therefore Bank was a bona fide purchaser for value as to the Real Estate and its lien had priority over Jewell's. In support of its motion, Bank designated the affidavit of Cindy Dailey, which provided,

> 1. I have personal knowledge of the statements made in this affidavit and am competent to testify.
>
> 2. I am the owner of Fax Mobile Abstracting, Inc.

---

[4] Initially, Jewell's complaint named National City Bank as a party, but because the Bank Mortgage was shortly thereafter assigned to Bank, we refer to Bank for simplicity.

3.  A-One Title, LLC provided closing services for the sale of real property commonly known as 602 Manhattan Avenue, Indianapolis, Indiana ("Real Estate") to Francisco Rutiga Retana.

4.  Fax Mobile Abstracting, Inc. was retained to perform a title examination of the Real Estate relative to that transaction.

5.  The examination revealed a $60,000 mortgage from Diversified to Newton County Loan & Savings FSB ("Newton Mortgage"), said Newton Mortgage being filed for record on February 8, 2007 as Instrument No. 2007-0023620.

6.  The Newton Mortgage correctly contained the correct legal description for the Real Estate.

7.  The [Jewell] Mortgage filed for record on February 1, 2007 as Instrument No. 2007-0020665 does not contain a legal description for the Real Estate.

8.  Because the [Jewell] Mortgage filed for record as Instrument No. 2007-0020665 did not contain a legal description for the Real Estate, it was not recorded in the chain of title to the Real Estate and was not located during the title examination.

9.  A true and accurate copy of the Examination Notes are attached hereto as the same are maintained in the regular course of business of Fax Mobile Abstracting, Inc.

Appellant's App. Vol. 2 at 171-72.

[7]    Jewell filed an objection to Bank's motion and in support thereof designated an unauthenticated title search purportedly prepared by Legacy Title & Escrow

Services and dated July 28, 2009 ("the Legacy Property Search"), which revealed the Jewell Mortgage and the Bank Mortgage. *Id*. at 244.

[8] Bank filed a reply brief in support of its summary judgment motion and designated a second affidavit from Cindy Dailey, which provided,

> 3. I am familiar with the title search standards followed by title searchers in Marion County, Indiana.
>
> 4. In Marion County, when performing a title search as to deeds/mortgages, the title searcher is to use the grantor/grantee index, the mortgagor/mortgagee index and then use the tract index to narrow the search results to the particular lot at issue.
>
> 5. There is no method in Marion County, Indiana to search title via a common address.
>
> ….
>
> 7. The Mortgage from Diversified Investments, LLC to Jewell Investments, Inc. dated January 29, 2007 and recorded on February 1, 2007 as Instrument No. 2007-0020665 does not appear when searching the grantor/grantee index in Marion County and narrowing the search results as to Lot No. 84 of Biltmore Gardens.
>
> 8. Because the Mortgage from Diversified Investments, LLC to Jewell Investments, Inc. dated January 29, 2007 and recorded on February 1, 2007 as Instrument No. 2007-0020665 does not appear when searching the grantor/grantee index in Marion County and narrowing the search results as to Lot No. 84 of Biltmore Gardens, the Mortgage is not in the chain of title as to said Lot.

9.  When Fax Mobile Abstracting, Inc. performed its title search of Lot No. 84 of Biltmore Gardens, Fax Mobile Abstracting, Inc. followed the title search standards in Marion County, Indiana.

10.  Fax Mobile Abstracting, Inc. *searched the grantor/grantee index and the mortgagor/mortgagee index* and then used the tract index to narrow the search results to the particular lot at issue (Lot No. 84 of Biltmore Gardens).

11.  The title search performed by Fax Mobile Abstracting, Inc. did not locate the Mortgage from Diversified Investments, LLC to Jewell Investments, Inc. dated January 29, 2007 and recorded on February 1, 2007 as Instrument No. 2007-0020665 because said Mortgage did not include a legal description for Lot No. 84 of Biltmore Gardens and, therefore, is not in the chain of title thereto.

12.  I have seen the [Legacy] Property Search that was attached to Plaintiff's Designation of Material Relied Upon as Exhibit 4.

13.  The fact that the [Legacy] Property Search shows the Mortgage from Diversified Investments, LLC to Jewell Investments, Inc. dated January 29, 2007 and recorded on February 1, 2007 as Instrument No. 2007-0020665 does not mean that the Mortgage was in the chain of title to Lot No. 84 of Biltmore Gardens.

14.  The [Legacy] Property Search does not say what information was provided to the searcher to search the chain of title to Lot No. 84 of Biltmore Gardens (i.e. was the searcher told about the Mortgage from Diversified Investments, LLC to Jewell Investments, Inc.).

15.  Without being provided additional information (i.e. that the Mortgage from Diversified Investments, LLC to Jewell Investments, Inc. was supposed to attach to Lot No. 84 of Biltmore Gardens), a title searcher would not locate the Mortgage using the grantor/grantee index and the mortgagor/mortgagee index and the corresponding tract index as shown by Exhibit 1 attached hereto.

Appellant's App. Vol. 3 at 7-9 (emphasis added).

[9]     The trial court denied Bank's summary judgment motion.  This appeal ensued.

# Discussion and Decision

[10]    Our standard of review for summary judgment is well settled:

> Indiana Trial Rule 56(C) provides that summary judgment is appropriate when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that judgment as a matter of law is appropriate. If the moving party meets these two requirements, the burden shifts to the nonmovant to specifically designate facts showing that there is a genuine issue for trial. When reviewing summary judgment, we apply the same standard as the trial court and construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. Where material facts conflict, or undisputed facts lead to conflicting material inferences, entry of summary judgment is inappropriate.  We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court.

*Crown Coin Meter Co. v. Park P, LLC*, 934 N.E.2d 142, 146 (Ind. Ct. App. 2010) (citations omitted).

[11] Bank moved for summary judgment on the issue of lien priority. Indiana Code Section 32-21-4-1(a) provides that a mortgage of land "must be recorded in the recorder's office of the county where the land is situated[.]" A mortgage "takes priority according to the time of its filing." Ind. Code § 32-21-4-1(b). Thus, "when multiple parties claim adverse interests in the same land, the date of recording provides a means to determine priority among those claims." *Patterson v. Seavoy*, 822 N.E.2d 206, 211 (Ind. Ct. App. 2005).

[12] The Jewell Mortgage was recorded prior to Bank's. However, Bank asserts that it is a bona fide purchaser for value of the Real Estate and is therefore entitled to lien priority as to Jewell. "The theory behind the bona fide purchaser defense is that every reasonable effort should be made to protect a purchaser of legal title for a valuable consideration without notice of a legal defect." *S & S Enter. v. Marathon Ashland Petroleum, LLC*, 799 N.E.2d 18, 23 (Ind. Ct. App. 2003). "In order to qualify as a bona fide purchaser, one must purchase in good faith, for valuable consideration, *and without notice* of the outstanding rights of others." *Bank of N.Y. v. Nally*, 820 N.E.2d 644, 648 (Ind. 2005) (emphasis added).

[13] Here, the parties dispute the element of notice. Bank argues that the Jewell Mortgage's omission of the legal description of the Real Estate rendered it

insufficient to charge Bank with notice. Jewell counters that the Jewell Mortgage was sufficiently discoverable so as to place Bank on notice.

[14] Our supreme court has explained,

> The law recognizes both constructive and actual notice. A purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money. A mortgage provides constructive notice to subsequent purchasers when it is properly acknowledged and recorded.
>
> ….
>
> The purpose of recording a mortgage is to give notice to persons subsequently dealing with the property of the existence of the mortgage and to charge them with notice of what the records disclose. *To charge subsequent purchasers with notice, a mortgage must be recorded in the proper county and must contain an accurate legal description of the property*.

*Id*. at 648-50 (emphasis added) (citations and quotation marks omitted). Lastly, to provide notice "'a recorded mortgage must be in the 'chain of title.'" *Id*. at 650 (quoting *Szakaly v. Smith*, 544 N.E.2d 490, 492 (Ind. 1989)).

[15] Here, Jewell concedes that the Jewell Mortgage does not contain the legal description of the Real Estate. Accordingly, Bank cannot be charged with constructive notice of Jewell's interest. Nevertheless, Jewell argues that its "description of the Real Estate on the mortgage provided U.S. Bank with

sufficient notice of Jewell's superior interest." Appellee's Br. at 10. In essence, Jewell's argument is that Bank may be charged with implied or inferred actual notice.

> Notice is actual when notice has been directly and personally given to the person to be notified. Additionally, actual notice may be implied or inferred from the fact that the person charged had means of obtaining knowledge which he did not use. [] Whatever fairly puts a reasonable, prudent person on inquiry is sufficient notice to cause that person to be charged with actual notice, where the means of knowledge are at hand and he omits to make the inquiry from which he would have ascertained the existence of a deed or mortgage. Thus, the means of knowledge combined with the duty to utilize that means equates with knowledge itself. Whether knowledge of an adverse interest will be imputed in any given case is a question of fact to be determined objectively from the totality of the circumstances.

*Weathersby v. JPMorgan Chase Bank, N.A.*, 906 N.E.2d 904, 911 (Ind. Ct. App. 2009) (citations and quotation marks omitted).

[16] Jewell correctly observes that prospective purchasers of real estate must search both the grantor-grantee index and the mortgagor-mortgage index for the period that the mortgagor holds title to the real estate. *Nally*, 820 N.E.2d at 649. Indiana Code Section 36-2-11-12 provides,

> (a) The recorder shall index each volume of instruments the recorder records by:

> (1) the name of each grantor, promisor, or covenantor, in alphabetical order and cross-referenced to the proper grantee, promisee, or covenantee; and

(2) the name of each grantee, promisee, or covenantee, in alphabetical order and cross-referenced to the proper grantor, promisor, or covenantor.

(b) The recorder shall accurately maintain separate indexes of all the records of:

(1) deeds for real estate; and

(2) mortgages on real estate;

in the recorder's office. The recorder shall index each deed or mortgage alphabetically, by the name of each grantor and grantee or mortgagor and mortgagee, and shall include in each index entry a concise description of the real property, the date of the deed or mortgage, and the number or letter of the book and the page at which each deed or mortgage is recorded.

[17] Jewell takes the position that Bank did not perform a search of the mortgagor-mortgagee index, claiming that *if* Bank had performed a mortgagor-mortgagee title search, "it would have certainly discovered Jewell's prior Mortgage and Jewell's superior interest in the Real Estate." Appellee's Br. at 13. Jewell also argues,

> The failure by U.S. Bank to put forth any evidence regarding which index or indexes were searched by it or its abstractor, how the search was conducted, or offer any explanation as to why [Jewell's] lien was not discovered during its title search when it was discoverable in [the Legacy Property Search] collectively demonstrates that there remains unanswered genuine questions of material fact.

*Id* at 15.

[18] Bank contends that Dailey's affidavits establish that both the grantor-grantee and mortgagor-mortgagee indexes were searched, how they had been searched, that the mortgagor-mortgagee title search did not reveal the Jewell Mortgage, and that it was not discovered because it did not contain the legal description of the Real Estate. We agree. Dailey attested that Fax Mobile searched the grantor/grantee index and the mortgagor/mortgagee index according to Marion County title search standards; that Marion County does not provide a method to search title using a common address; and that the Jewell Mortgage was not discovered because it did not include a legal description for the Real Estate. Appellant's App. Vol. 3 at 7-9. Bank's designated evidence was sufficient to carry its initial burden to show that it cannot be charged with notice of Jewell's interest and is therefore a bona fide purchaser for value. Jewell's argument ignores Bank's designated evidence. Although Jewell asserts that the street address on the Jewell Mortgage was sufficient to provide Bank with notice, Jewell did not designate any evidence regarding how the street address would operate to alert Bank to Jewell's interest and its unauthenticated title search is inadequate to show that there is a genuine issue of material fact. Based on the designated evidence, we conclude that Bank established that it was a bona fide purchaser for value as against Jewell. Accordingly, the trial court erred in denying Bank's motion for summary judgment. We reverse and remand for entry of summary judgment in favor of Bank.

Reversed and remanded.

Riley, J., and Altice, J., concur.